Opinion delivered April 20, 1888.

---

No. 5606.

BASTROP COUNTY *v.* JOHN HEARN.

1. STATUTE CONSTRUED.—Construing article 994, Revised Statutes, which refers to the duties of the county treasurer in regard to money belonging to the county, *held:* That no distinction can be made between general and special funds belonging to the county, and no authority exists in a commissioners court to deprive the treasurer of the right to his commissions for receiving and paying out county funds, by directing their receipt and disbursement by any other person. In such case, a right of action in favor of the treasurer exists to recover the amount allowed by law for receiving and paying out the money.

2. CASE APPROVED.—Beard v. The City of Decatur, 64 Texas, 7, cited and followed.

3. OFFICE.—An office is property, and he who is legally its incumbent is entitled to its emoluments during the term for which he is elected or appointed.

4. SAME — COMMISSIONS OF COUNTY TREASURER.—When the commissioners court of a county fail to fix, under the limitations of the statute (Rev. Stats., art. 2403), the amount which the county treasurer shall be paid for receiving and disbursing county money, and authorize another person to perform that function of his office, their act must be held as equivalent to an implied agreement on the part of the county that the treasurer shall have the maximum of two and one-half per cent for receiving and two and one-half per cent for disbursing county funds.

This held in a case in which it was shown that the county court had for more than ten years before the election of the treasurer from whose control they diverted the county funds, allowed the maximum rate permitted by law for receiving and disburing money.

APPEAL from Bastrop. Tried below before the Hon. H. Teichmueller.

The opinion states the case.

*Fowler & Maynard,* for appellant: The general statute, which provides that it shall be the duty of the county treasurer to receive all moneys belonging to the county from whatever source derived, must yield to and be controlled by the special statute authorizing the creation of this special fund, and which evidently intended to confer upon the commissioners court the discretion to disburse the same without its passing through the hands of the treasurer, if in their judgment the public interest so demanded. (General Laws 1881, pp. 5–6; Crossland v. Cherokee County, 31 Texas, 141.)

It was incumbent on appellee to show that the commissions of the treasurer had been fixed by an order of the commissioners court, and he having failed to do so, judgment should have been rendered in favor of appellant. (Revised Statutes, art. 2403; Constitution, sec. 44, art. 3; Constitution, sec. 44, art. 16; Moore v. The State, 57 Texas, 307; The State v. Steele, 57 Texas, 200; The State v. Cooke, 57 Texas, 205.)

*G. W. Jones & J. D. Sayers,* for appellee: The office of county treasurer having been created by the Constitution, and his powers and duties being defined by law, it was not within the power of the commissioners court to take from the office a part of the duties pertaining thereto, and to transfer them to another. (Constitution, art. 16, sec. 44; Revised Statutes, arts. 987, 994 et seq.; King v. Hunter et al., 65 N. C., 603; Kennedy v. Brunst, 26 Wis., 412; Beard v. The City of Decatur, 64 Texas, 7.)

MALTBIE, PRESIDING JUDGE COMMISSION OF APPEALS. In the year 1883, Bastrop county, by virtue of an act of the Legislature, approved the eleventh day of February, 1881, issued bonds to the amount of thirty thousand dollars for the purpose of building a court house. The bonds were sold at par soon after

their issuance and the proceeds were disbursed by the county judge of that county under an order of the commissioners court during the years 1883 and 1884. At the time of the reception and disbursement of this fund the appellee, John Hearn, was the duly elected, qualified and acting county treasurer of Bastrop county, and was at all times willing and ready to receive said fund and pay it out according to law. But it having been received and disbursed by the county judge, the commissioners court refused to allow appellee commissions on the same. The district court, however, rendered judgment in his favor for two and one-half per cent for receiving and two and one-half per cent for paying out the amount received from the sale of the bonds.

Appellant seeks to reverse this judgment: First. Because the thirty thousand dollars, being a special fund, was lawfully disbursed without having passed through appellee's hands. Second. The commissioners court, not having fixed any compensation for the services of the county treasurer of Bastrop county for receiving and paying out county funds, he is not entitled to recover a judgment for services that he should have rendered in this instance.

It is provided that it shall be the duty of the county treasurer to receive all moneys belonging to the county from whatever source they may be derived, and to pay and to apply the same as required by law in such manner as the commissioners court of his county may direct. (Revised Statutes, art. 994.) The statute makes no distinction between general and special funds, but explicitly requires that all moneys belonging to the county shall be received and paid out by the county treasurer under direction of the commissioners court. Clearly the power to direct the county treasurer to pay out money would not authorize a diversion of it from its lawful depository, and confer a right to direct some other party to pay it out. And we conclude that the action of the commissioners court of Bastrop county, in causing the county judge to receive and pay out the fund in question was without authority of law. It was held in the case of Beard v. The City of Decatur, 64 Texas, 7, that the municipal authorities of a city, having a qualified treasurer, can not place its money in the hands of its mayor to be by him disbursed and thereby defeat the rights of the treasurer to commission money that should have been delivered to such treasurer, and by him have been disbursed. And that when

moneys of the city are disbursed by another agency, a right of action exists in favor of the treasurer for the amount of the commission he would have received if he had disbursed it. This decision was made in a case involving the rights of the treasurer of the city of Decatur, who was acting under article 365 of the Revised Statutes, which is not materially different from the provisions of the law governing the rights and duties of county treasurers, and no reason is perceived why the same doctrine should not apply in their favor. There is no principle better established than that an office is property, to the emoluments of which the incumbent is entitled during the term for which he may have been elected or appointed.

The Constitution, article 16, section 44, provides that the Legislature shall prescribe the duties of a county treasurer, and that he shall have such compensation as may be provided by law. The Legislature has prescribed that the county treasurer shall receive all moneys belonging to the county and shall be entitled to commissions to be fixed by the commissioners court as follows: For receiving all moneys belonging to the county (except the school fund), not exceeding two and one-half per cent and not exceeding two and one-half per cent for paying out same. (Revised Statutes, art. 2403.) From these several provisions of the law it is evident that a county treasurer is the lawful custodian of all moneys that may belong to his county, and that he has a property right in such moneys to the extent of his commissions. The Legislature has fixed the maximum per centage to which a county treasurer may be entitled, and have imposed the duty on the commissioners court of fixing the compensation.

The law prescribes no time when the court shall fix the compensation of the county treasurer for receiving and disbursing the public moneys; nor is there any inhibition to the changing of the rate of per centage after it has been once fixed; the intention doubtless being to leave the compensation to be allowed largely in the discretion of the commissioners court, within the rate named by the Legislature, and not to exceed two thousand dollars in any one year, trusting that tribunal to do justice between the county and its treasurer. It is not claimed that the commissioners court of Bastrop county could have deprived appellee of commissions on the fund in question, if it had done its duty, in making an order fixing his compensation; but the contention is that by failing to make such order

there is no compensation provided by law for appellee, and for that reason he is not entitled to recover in this suit. If the county can, under the pretext set up by it, defeat a recovery of commissions from this special fund, it could by non action deprive appellee of any compensation whatever for receiving and disbursing the public funds. Such an unjust result as this was never contemplated by the Legislature, and we think no such construction should be given to the act under consideration. As before stated, the compensation of the treasurer is left largely, but not entirely, to the commissioners court. If the court fails to act, there is still left some data from which the legislative will may be discovered. It has declared a maximum allowance for such officer. The commissioners court of Bastrop county, it is true, could have curtailed it, but having failed to do so, the alternative is presented whether such failure shall result in depriving an officer, who had no control over the court, of his just rights; or whether the act shall be regarded as directory to the court. We are of the opinion that inasmuch as this provision of the statute was made in the interest of the counties, the commissioners, being agents of the counties, a failure to make an order regulating the treasurer's allowance must be considered as an implied agreement on the part of such county that the treasurer shall have the maximum per centage allowed by law. The commissioners court of Bastrop county it is true, had passed no order allowing compensation to its county treasurer for services rendered, but had allowed two and a half per cent for receiving, and two and a half for paying out county funds since the year 1870. This state of facts we think would raise an agreement by implication on the part of the county to continue to pay the same amount until it notified appellee that it intended to reduce his compensation.

The judgment rendered was in the statutory limit, and should be affirmed.

*Affirmed.*