MONTGOMERY COUNTY v. TALLEY et al.
(No. 6688.)

(Court of Civil Appeals of Texas. Galveston. July 1, 1914. Rehearing Denied Oct. 8, 1914.)

1. COUNTIES (§ 70*)—COUNTY TREASURER—SALARY—COMMISSIONERS' COURT—AUTHORITY TO FIX.

Under Rev. St. 1911, art. 3875, providing that county treasurers shall receive commissions on moneys received and paid out, to be fixed by the order of the commissioners' court, not exceeding a specified percentage, the commissioners' court had no jurisdiction to pass an order fixing the compensation of a county treasurer at a salary of $600 a year.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–113, 115–117; Dec. Dig. § 70.*]

2. COUNTIES (§ 69*)—COUNTY TREASURER—COMPENSATION.

Where an order fixing a county treasurer's compensation at a specified salary was void, the treasurer was entitled to receive the compensation established by Rev. St. 1911, arts. 3873, 3875, providing that the county treasurer shall receive a specified commission on money received and paid out, to be fixed by the commissioners' court, but not to exceed $2,000 annually.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–115; Dec. Dig. § 69.*]

3. COUNTIES (§ 69*)—COUNTY TREASURER—COMPENSATION—VOID ORDER—KNOWLEDGE OF INCUMBENT.

Where a commissioners' court, prior to defendant's election as county treasurer, attempted by a void order to fix the salary of the office at $600 per annum, the fact that defendant knew when he became a candidate for the office and when he qualified that the court did not intend to allow him the compensation fixed by Rev. St. 1911, art. 3875, did not estop him from claiming such compensation so long as the court did not pass a legal order fixing his commissions, as directed by article 3875.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–115; Dec. Dig. § 69.*]

4. CONSTITUTIONAL LAW (§ 140*)—OFFICERS (§ 100*)—OBLIGATION OF CONTRACTS—IMPLIED CONTRACT—COMPENSATION OF COUNTY TREASURER—REDUCTION ORDER—VALIDITY.

An order of a commissioners' court attempting to change the compensation of the county treasurer, in so far as it attempted to reduce his compensation for past services, was void as impairing the obligation of the county's contract to pay the treasurer the compensation allowed by law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 336, 356–361; Dec. Dig. § 140;* Officers, Cent. Dig. §§ 152–157; Dec. Dig. § 100.*]

Appeal from District Court, Montgomery County; L. B. Hightower, Special Judge.

Action by Montgomery County against Robert Lee Talley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

R. J. Sullivan and W. N. Foster, both of Conroe, for appellant. C. W. Nugent, of Conroe, and Lightfoot, Brady & Robertson, of Austin, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against Robert Lee Talley, ex-treasurer of appellant county, and the sureties on his official bonds, to recover money received by him as county treasurer and alleged to have been wrongfully converted to his own use. Said defendant Talley, it is charged in the petition, converted and appropriated to his own use moneys belonging to plaintiff as follows: $603.33 during the period from November 14, 1910, to February 14, 1911; $1,236.32 from February 14, 1911, to May 13, 1911; $31.97 from May 14, 1911, to November 13, 1911; and $612.83 during the period from November 13, 1911, to November 16, 1912. Defendant Talley answered by a large number of special exceptions, all of which were overruled, admitted his elections and qualifications as alleged by plaintiff, but denied generally and specifically that he had converted to his own use any sums of money belonging to Montgomery county, and specially alleged that there was never any valid or legal order entered of record by the commissioners' court of Montgomery county · fixing the compensation of the county treasurer in the manner prescribed by law, and asserted the right of said defendant as county treasurer to retain the sum of 2½ per cent. on receipts and like percentage on disbursements. He further alleged specially that the plaintiff was relying upon certain orders of the commissioners' court of Montgomery county · attempting to reduce and limit the compensation of the county treasurer and alleged that such orders were void and of no force or effect. The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $11.81.

The evidence shows that appellee Talley was elected county treasurer of Montgomery county in 1906 and was re-elected in 1908 and again in 1910. He qualified for his first term on November 14, 1906. After his second election he qualified on November 16, 1908, and after his third election on December 8, 1910. His successor was elected in November, 1912, and qualified on November 16, 1912. During the first two terms ·of office of defendant he received as compensation for his services 2½ per cent. on all receipts and disbursements, other than school funds, not exceeding, however, $2,000 per year on all funds, which compensation was allowed at the regular quarterly terms of the commissioners' court of Montgomery county.

At the February term, 1910, and on March 30th of said year, the commissioners' court of Montgomery county entered an order in words and figures as follows:

"It is hereby ordered by the court that the salary of the county treasurer, from and after December 10, 1910, shall be, and it is hereby fixed, at the sum of $600.00 per annum, and this action of the court was unanimous," as is shown by the minutes of said court in Book ——, page 586 thereof.

The defendant knew of the entry of this order at or about the time it was passed by the commissioners' court and knew of its existence at the time he qualified as county treasurer on the 8th day of December, 1910.

The commissioners' court of Montgomery county, at its May term, 1911, and on June 8th of said year, entered an order in words and figures as follows:

"Under, and in conformity with, article No. 2467, Sayles' Texas Civil Statutes [Rev. St. 1911, art. 3873], it is hereby ordered that the compensation of the county treasurer of Montgomery county for receipts and disbursements of moneys, other than school funds, be, and the same is hereby fixed at a commission of one-half of one per cent. on all moneys received by him and a like per cent. on all moneys disbursed by him; provided, however, that his total compensation for one year shall not exceed the sum of $600.00. It is further ordered that the compensation hereby provided shall apply and be operative, beginning on the first day of the treasurer's present term of office and continuously thereafter until changed by the further orders of this court."

The commissions on receipts and disbursements of the office from November 14, 1910, to February 13, 1911, at 2½ per cent., amounted to $603.64, and this amount was retained by the appellee. Of this amount $527.73 was commissions on receipts and disbursements from November 14, 1910, to December 8, 1910. From February 14, 1911, to May 13, 1911, appellee retained commissions amounting to $1,236.30, which was 2½ per cent. on receipts and disbursements for said period. From May 14 to June 8, 1911, he retained the sum of $31.69, one-half of 1 per cent. commission on receipts and disbursements for said period. From June 8 to November 13, 1911, he retained $36.75, one-half of 1 per cent. on receipts and disbursements for said period. From November 14, 1911, to November 13, 1912, he retained $611.81, one-half of 1 per cent. commissions on receipts and disbursements for said period. The reports of the appellee to the commissioners' court for the quarters ending February 13th and June 8th, respectively, showing that he had retained commissions of 2½ per cent. on receipts and disbursements, were each rejected by the court "because he had retained as compensation 2½ per cent. commissions and did not abide by the order of the court of March 30, 1910."

The undisputed evidence shows that appellee knew when he became a candidate for re-election in 1910 that it was the intention of the commissioners' court to reduce the compensation allowed by law to the county treasurer to not exceeding $600 per year. After the passage of the order of March 30, 1910, he stated that he would not become a candidate for re-election because the com-missioners' court had cut his salary so that he could not make a living out of the office, and announced that he would run for the office of county tax assessor. After making this announcement friends of the tax assessor, who was a candidate for re-election, raised a purse of $1,000 and presented it to appellee as an inducement to retire from the tax assessor's race and again become a candidate for county treasurer. He accepted this money and was re-elected county treasurer.

From the foregoing statement it appears that appellee received as compensation for his services as county treasurer for the year beginning November 14, 1910, and ending November 13, 1911, the sum of $1,908.38, of which amount $1,839.94 was commissions of 2½ per cent. on receipts and disbursements up to June 8, 1911, when the order of the commissioners' court fixing his commissions at one-half of 1 per cent. was passed, and $68.84 was commissions of one-half of 1 per cent. on receipts and disbursements from June 8, 1911, to November 13, 1911. The contention of appellant is that appellee was only entitled to receive as compensation for his services for said year one-half of 1 per cent. commissions on receipts and disbursements after December 8, 1910, and for the time from November 14, 1910, to December 8, 1910 (24 days) $24/365$ of $2,000, the maximum amount allowed him by law as yearly compensation.

This contention is based upon the theory that the order of March 30, 1910, by which the commissioners' court fixed the salary of the county treasurer from and after December 10, 1910, at $600 per year, was a valid order, and that if said order was not valid appellee knew when he accepted the office of treasurer and qualified therefor on December 8, 1910, that it was the intention of the commissioners' court to reduce his compensation as county treasurer to $600 per year, and under these facts there was no implied promise on the part of the county to pay him 2½ per cent. commissions, but he accepted the office relying upon the county to fix his compensation, which was done by the order of June 8, 1911.

[1] We think the order of the commissioners' court made on March 30, 1910, fixing the compensation of the county treasurer at a yearly salary of $600, was unauthorized and void. It is well settled that commissioners' courts have only such powers as are conferred upon them by law expressly or by necessary implication. Bland v. Orr, 90 Tex. 492, 39 S. W. 558; Mills v. Lampasas County, 90 Tex. 603, 40 S. W. 403; Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480.

The only authority given the commissioners' court to fix the compensation of the county treasurer is found in article 3873 of the Revised Statutes of 1911, which is as follows:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by the order of the commissioners' court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent., and not exceeding two and one-half per cent. for paying out the same; provided, however, he shall receive no commission for receiving money from his predecessor nor for paying over money to his successor in office."

Under this article of the statute the commissioners' court is expressly authorized and directed to fix the commissions of the county treasurer upon moneys received and paid out by him, and neither express nor implied authority is conferred upon such court to limit or fix the compensation of the county treasurer otherwise than by fixing the commissions to be paid him on receipts and disbursements. The order of March 30, 1910, before set out, does not fix the commissions of the county treasurer of Montgomery county, but provides that he shall receive a salary of $600 per year. We think it clear that a statute which directs the commissioners' court to fix the compensation of an officer by allowing him commissions on moneys handled by him does not authorize such court to pay the officer a fixed yearly salary, but on the contrary, by necessary implication, prohibits his being paid in this way.

[2] The order of March 30, 1910, being void, the only law, prior to the order of the commissioners' court of June 8, 1911, before set out, fixing appellee's compensation, was article 3873 of the statute above quoted, and article 3875, which provides that "the commissions allowed to any county treasurer shall not exceed $2,000.00 annually."

The commissioners' court having failed to fix appellee's commissions, he was entitled to receive the compensation provided by the statute until such compensation was changed by an order of the commissioners' court fixing his commissions. Bastrop County v. Hearn, 70 Tex. 563, 8 S. W. 302; Hill County v. Sauls, 134 S. W. 267; City of San Antonio v. Tobin, 101 S. W. 269.

[3] The fact that appellee knew when he became a candidate for the office and at the time he qualified as county treasurer that the commissioners' court did not intend to allow him the compensation fixed by the statute did not estop him from claiming and retaining such compensation so long as the commissioners' court failed to give legal effect to its intention by passing an order fixing his commissions as directed by the statute. However reprehensible it may have been for appellee to have received the $1,000 given him as an inducement to withdraw from the race for county tax assessor, that illegal transaction does not affect his right to the compensation allowed him by law as county treasurer.

The amount retained by appellee was not in excess of 2½ per cent. commissions on moneys received and paid out by him prior to the 8th of June, 1911, and one-half of 1 per cent. subsequent to that date, and his entire compensation was less than $2,000 per year.

[4] In so far as the order of June 8, 1911, attempted to change the compensation to which appellee was entitled for services rendered prior to the date of said order, it was void, because to give the order such retroactive effect would impair the obligation of the contract of the county to pay appellee the compensation allowed by law for such services. 29 Cyc. 1427; Hill County v. Sauls, 134 S. W. 267.

We think the trial court properly held that appellee had not converted any moneys of the county, and that the commissions retained by him, except the $11.81 excess for the year beginning November 14, 1911, and ending November 13, 1912, were allowed him by law.

We have not discussed appellant's various assignments in detail, but in what we have said above have disposed of all of the material questions presented by the appeal. Each of the assignments has been considered, and none of them, in our opinion, should be sustained.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.