DALTON et al. v. ALLEN et al. (No. 5789.)

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1919. Rehearing Denied Jan. 28, 1920.)

SCHOOLS AND SCHOOL DISTRICTS ⬥48(5)— AGREEMENT BETWEEN COUNTY JUDGE AND COMMISSIONERS' COURT AS TO SALARY OF JUDGE AS EX OFFICIO SUPERINTENDENT OF SCHOOLS.

The fact that the county judge, elected November, 1910, served during his entire first term till 1912 without an order fixing his salary as ex officio superintendent of public schools, and for more than a year on his second term after re-election in November, 1912, without such an order, during all of which time he drew $87.50 per quarter for such service, and the fact that the accounts were approved by the commissioners' court, amounted to an agreement between him and the court that the ex officio salary of $87.50 per quarter as fixed for his predecessor applied to him until changed, since otherwise he drew $700 illegally during his first term with the knowledge and consent of the commissioners' court.

Appeal from District Court, Mills County; F. M. Spann, Judge.

Suit by G. H. Dalton and others against S. H. Allen and others. From judgment for defendants, plaintiffs appeal. Reversed and rendered, in conformity to opinion of Supreme Court reported in 215 S. W. 439.

F. P. Bowman, of Goldthwaite, and Wilkinson & McGaugh, of Brownwood, for appellants.

White, Cartledge & Wilcox, of Austin, for appellees.

JENKINS, J. The order hereinafter referred to was passed when only three of the county commissioners of Mills county were present; the county judge being present, but not participating. Upon these facts, two questions were presented, which we certified to the Supreme Court, namely:

(1) "Can there be a legal meeting or session of the commissioners' court, unless the county judge is present and presiding?" To which the Supreme Court answered: "Yes."

(2) "Did the fact that the county judge presided when his salary was increased, he not voting on the proposition, render the order so made invalid?" To which the Supreme Court answered: "No."

In November, 1908, L. E. Patterson was elected county judge of Mills county. On the 14th of that month the commissioners' court of that county passed the following order:

"It is ordered by the court that L. E. Patterson, county judge of Mills county, be allowed the sum of $87.50 out of the available school fund of said Mills county for the quarter beginning November 1, 1908, and ending January 31, and for each succeeding quarter thereafter until the further order of this court."

No further order was made in reference to said matter until in February, 1914.

Appellee was elected county judge of Mills county in November, 1910, and served for the term of two years, during which time he was regularly paid $87.50 per quarter, upon warrants drawn by himself on the available school fund, for his services as ex officio superintendent of public schools. He was reelected county judge in November, 1912, and served until November, 1914. During this time he was likewise paid $87.50 for each of the eight quarters of his two years' incumbency.

In February, 1914, the commissioners' court passed an order which was never placed on the minutes of said court, but which was shown by oral testimony to have been an order raising Judge Allen's ex officio salary as superintendent of public schools from $87.50 per quarter to $150 per quarter. Two of the commissioners testified that they understood this order to be intended to raise Judge Allen's salary for the entire time of the term which he was then serving, one year and three months of which had passed prior to the time such order was passed. Judge Allen drew warrants in his favor on the theory that the increase in his salary related back to the beginning of his term, which warrants were paid.

The contention that he was entitled so to do is based on the fact that no order fixing his salary had been previously passed during his term. With this contention we do not agree. We think the fact that he served during his entire first term without an order fixing his salary, and for more than a year of his second term without such order, during all of which time he drew $87.50 per quarter for his services, and that his accounts were approved by the commissioners' court, amount to an agreement between him and the court that the ex officio salary as fixed for Judge Patterson applied to his successor

until such order was changed. Otherwise Judge Allen illegally drew, with the knowledge and consent of the commissioners' court, $700 during his first term. It will not be presumed that such was the intention of either himself or of the commissioners' court. Bastrop County v. Hearn, 70 Tex. 567, 8 S. W. 302.

The amount for which appellants sued is $464.60. This is the amount that would be due appellee (taking into consideration some other transactions which need not be here stated) if he is not allowed any increase in his salary. As the exact date when the order increasing his salary is not shown, we allow him the benefit of three full quarters. This will entitle appellants to a judgment for $277 against appellees, with legal interest thereon from the date of the judgment in the court below; and the judgment is here so rendered.

Accordingly the judgment of the trial court is reversed and rendered.

Reversed and rendered.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes