## TARRANT COUNTY et al. v. HOLLIS et al.

### No. 12994.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 28, 1934.

Rehearing Denied Nov. 2, 1934.

Samuels, Foster, Brown & McGee, Jesse E. Martin, and Willis M. McGregor, all of Fort Worth, for appellants.

Charles T. Rowland and Lloyd E. Price, both of Fort Worth, for appellees.

LATTIMORE, Justice.

Tarrant county sues appellee, ex county clerk, claiming that the latter did, without proper authority, allow himself certain credits in the conduct of the finances of his office.

The county contends that appellee should have collected a stenographer's fee of $3 in all suits in which answers were filed in the county courts at law of Tarrant county and that appellee failed to do so in eighty-eight such suits.

Article 2075, Rev. Civ. Statutes of 1925, requires that the clerks of all courts having official reporters shall tax such a fee in each civil case where an answer is filed, except in delinquent tax suits, and it is this statute which the county invokes.

However, the statute authorizing the county courts at law for Tarrant county is articles 1970—32 to 1970—62, Vernon's Ann. Civ. St. This statute declares that the general law relating to court reporters is made to apply in all its provisions so far as applicable to the appointment of the reporters, their salaries, their fees, their duties, and their oath, and "any other laws covering the stenographers of the District Courts of this State; provided" that the reporter shall not be required to take testimony in a case when neither a litigant party nor the judge demands it, "but where the testimony is taken by said reporter a fee of three dollars shall be taxed by the clerk as costs in the case." Vernon's Ann. Civ. St. art. 1970—57.

These statutes as to fees are not "made applicable" to the stenographers. They are applicable to the clerk. The stenographer does not receive the fee. He is paid out of the general tax revenues. These fees likewise go into the general funds of the county. There is therefore no demand in article 1970—57 that article 2075 be "made applicable" to taxing of this fee.

Article 2075 is a general statute while article 1970—57 is a specific statute. Therefore when dealing with the subject-matter of the latter, we are guided by the provisions of article 1970—57. Union Indemnity Co. v. Foley (Tex. Civ. App.) 62 S.W.(2d) 684. The assignment is overruled.

The balance of appellant's suit is for money retained in 1928 as ex officio pay for that year, under an order of 1927.

Appellee, as county clerk, was entitled to retain, as compensation, the fees received as county clerk up to $2,750. Of any excess, he was entitled to retain one-fourth until he had received by such one-fourth $1,500 more than the $2,750. Article 3895, R. S., provides:

" * * * In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the commissioners court shall allow compensation for ex-officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter."

Appellee and six other county officers, in January, 1927, petitioned the Tarrant county commissioners' court for "ex officio allowance of $1,500.00," to be paid out of the fees collected by that particular office. On this petition the commissioners' court entered this order:

"Minute Book 27, Page 565. (Minutes of Commissioners' Court. 923. Ex officio Salaries allowed to Co. officials. January 31, 1927. Came on for consideration by the court the petition of county officials that they be allowed ex officio salary under Article 3893 [Rev. St. 1911], Chapter 121, Acts of 33d Legislature, amended Fee Bill; Therefore, it is moved, seconded and carried that all county officers, including the County Judge, be and

they are hereby allowed as part payment on ex officio the sum of $1,500.00."

The petition was quoted in the order. We think this order means only what it says, that is, that those officials were allowed "the sum of $1,500.00." When that sum had been retained by the appellee, he had exhausted the authority given him by the commissioners' court. Indeed, the. application of appellee does not suggest any request beyond a definite total sum of $1,500.

The order was entered just thirty-one days after appellee took office and at a time when the commissioners' court did not know what service "ex officio" the appellee would render or what amount he would collect in fees of office, i. e., what his compensation therefrom would be. The fact that in that one order the commissioners' court fixed the same ex officio compensation of $1,500 for the constable, the justices of the peace, the assessor, the collector, and the district clerk is strongly suggestive that the court did not consider seriously just what "ex officio" services these officials would render, but since it is not necessary to our decision to do otherwise, we indulge the presumption of correctness, which is ordinarily due a court judgment. We do call to the attention of the commissioners' courts that not only must the ex officio services be rendered, but that such compensation therefor must be "necessary." It violates the spirit of the act for a commissioners' court to make such order merely to enable the petitioner to make the maximum allowed by law. The record is wholly silent as to what, if any, services those various officials were to perform, each in his different line of work, but each none the less of the same value to the county. If the purpose was only to increase the pay of those officials without any ex officio service contracted for, then the order was improper. We are unwilling to give the order a construction which its language does not warrant, and which, if so construed, wou'd suggest imprudence on the part of the commissioners' court.

Dalton v. Allen (Tex. Civ. App.) 218 S. W. 73, is not in point. There the ex officio services contracted for were named, to wit, county superintendent of schools. These services were of a definite character, the value of which could be estimated. The order specifically stated that the pay was $87.50 "for the quarter beginning November 1, 1908," "and for each succeeding year thereafter until further order of the court." The report of such compensation was approved each succeeding year by the court. Appellee's report of the fees taken in 1928 has not been approved by the Tarrant county commissioners' court.

The suit by appellant is for $338.11, being the deficit between the $1,500 and the amount of one-fourth of the excess fees collected by appellee.

The judgment of the trial court is reversed and here rendered that appellant have judgment against appellees, Hollis and his official bondsmen, for $338.11 and interest at 6 per centum per annum from January 1, 1929.

On Motion for Rehearing.

■ Appellee cites Cameron County v. Fox (Tex. Com. App.) 61 S.W.(2d) 483, 488, and insists that this case is decisive. In that case the tax collector paid salaries to deputies without authority of the commissioners' court, but that court approved his report to them of such payment and this the Supreme Court held was sufficient as ratification. That opinion and the opinion of the Court of Civil Appeals in the same case, 42 S.W.(2d) 653, do not state just what the approval consisted of. The opinion does state, "affirmative action in this respect, by the commissioners' court as such, would bind the county just the same." In the case at bar no affirmative action by the commissioners' court as such is shown upon appellee's report of his taking ex officio salary. That the auditor's approval of the report is not sufficient is expressly held in the Cameron County Case, supra.

The motions of appellant and appellee are overruled.

Appellee insists that his application for allowance of ex officio salary. asks for $1,500 per annum and that the order thereon is that the salary is allowed as prayed for. The statement of facts shows that the application had no "per annum" prayer in it.

All motions for rehearing are overruled.