January 20, 1939

Hon. R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Dear Mr. Armstrong:

Opinion No. O-61
Re: County Treasurer's Com-
pensation-payable to
successor for the term.

I beg to acknowledge receipt of your letter of
January 7th, detailing rather lengthy the history of the
office of County Treasurer of your county, immediately suc-
ceeding the 5th day of May, 1934, together with enclosures
taken from the records of the minutes of the Commissioners
Court during the year, 1934.

The case of Tom Green County vs. J. A. Motley,
administrator of the J. M. Harper estate, as found in 118
SW (2d) 306, to which you referred in your letter, is also
considered along with the orders, and I have further noted
the matter as contained in the case of Motley vs. Tom Green
County, 93 SW (2nd) 768, by the Court of Civil Appeals. In
the light of the above orders and case your question to this
Department reads as follows:

"Is the county liable, under special circum-
stances, for any additional amount as Treasurer's
commission that would produce a total annual ex-
penditure in excess of the $2000.00 maximum pre-
scribed by law"

In answering the above question, it appears that
the following statutes and section of the Constitution fully
set out, quoted in full in the opinion of the Supreme Court
in Tom Green County vs. Motley, supra; Article 16, Section

44 of the Constitution; Article 3941, Revised Statutes of 1925; Article 3943, Vernon's Annotated Civil Statutes. The Court points out that the above articles, while being recodified under a revision of the statutes since 1934 they are substantially the same as the former articles. From the Tom Green County vs. Motley case rendered by the Commission of Appeals of Texas, Section A and adopted by the Supreme Court and the facts as related, the order fixing the compensation was fixed for the term of the deceased treasurer in August 1933. Until that order was changed by the Commissioners' Court same remained the basis upon which the compensation allowed that office was to be fixed. Clearly the resolution or order of May 26, 1934, made no attempt to change the amount of percentage upon which the compensation of the office was fixed under the 1933 order. Bastrop County vs. Hearn, 8 SW 302.

The deceased treasurer having drawn an annual compensation fixed by order of the Commissioners' Court in August 1933, the resolution of September 11, 1934, Exhibit E attached to your letter was not effective to change this rate of compensation. As I do not believe it can be interpreted in any manner other than limiting the maximum amount of compensation, clearly this order would be invalid. Greer vs. Hunt County, 249 SW 831.

The above conclusions, in my opinion, were definitely and impliedly held by the Commission of Appeals of Texas, section a, when it passed upon the case, opinion rendered by Commissioner Hickman. In that opinion will be found reference to Article 1707, Revised Statutes of 1925, which reads as follows:

"Vacancy, how filled.--In case of vacancy in the office of the county treasurer, the commissioners court of the county in which such vacancy occurs shall fill such vacancy by appointment, such appointment to be made by a majority vote of the commissioners present, at a regular or special term of such court. Such appointment shall continue in force until the next general election."

In my opinion, disposition of the additional claim to George A. Bond, as presented to your Commissioners' Court for additional compensation would be controlled by the follow-

ing language used:

> "The policy of the law, as reflected both
> by the Constitution and the statutes, is that
> there be no vacancy in the office of county
> treasurer. To safeguard against that condition
> arising when there is a change of personnel the
> Constitution provides that the treasurer shall
> serve until his successor has qualified. It is
> also the policy of the law, and obviously a
> sound public policy, that such officer receive
> just compensation for his services."

As I am unable to find any element of estoppel or
any sound reason why the succeeding county treasurer should
be denied his proportionate part of the earned compensation
for the year in which he served, I am of the opinion under
the circumstances and facts of the case that the $1,315.07,
which amount under the decisions was impliedly held to be
legally due claimant, should have been the total amount of
compensation actually allowed him for the year 1934.

Trusting that the above is sufficient to answer
your question, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Assistant

mK:AF

APPROVED:

ATTORNEY GENERAL OF TEXAS