## WILLIAMS v. CASS COUNTY.

### No. 5689.

Court of Civil Appeals of Texas. Texarkana.

Jan. 29, 1941.

Rehearing Denied Feb. 13, 1941.

J. H. Beavers & Son, of Longview, and A. C. Cooke, of Seagraves, for appellant.

Newland, Cornett & Whitworth and Parks E. McMichael, all of Linden, for appellee.

JOHNSON, Chief Justice.

Mrs. Ione Williams was the duly-elected, qualified and acting County Treasurer of Cass County during the years 1935-36-37-38. Her successor, Miss Ruth Olive, qualified on January 2, 1939. At that time there was on deposit in the Atlanta National Bank, the county depository, to the account of "Ione Williams, Treasurer, Cass County, General Fund" the sum of $217,526.08. On January 3, 1939, Mrs. Williams transferred to her successor all the funds on deposit in her name as County Treasurer, except $4,338 which she retained in the account above named. Mrs. Williams claimed that said $4,338 (less $58 admittedly an error in calculation) constituted funds belonging to her personally; that same was the aggregate of commissions which she had lawfully earned as County Treasurer in addition to the amounts received by her monthly under orders of the Commissioners' Court during the four years she held office. Her contention in substance was that the several orders of the Commissioners' Court fixing the Treasurer's compensation during the four years she held office were void; that since there were no valid orders fixing her compensation, she was entitled to receive the statutory maximum of $2,000 per year, and that she had in fact earned said amount of commissions during each of the four years she held office, totaling $8,000; that the monthly amounts actually paid her under said alleged void orders was $4,080; that she had personally spent $360 for postage in transacting the county's business through the office during the years 1935-36-37, which postage should have been paid by the county, making a balance of $4,280 due her, ·same being retained by her in said account. At the time Mrs. Williams made the transfer to her successor, she notified the bank that she claimed the amount retained as belonging to her, and not to turn it over

to the county, otherwise she would hold the bank liable to her for its payment. The bank refused to release said $4,448 so retained in said account until the conflicting claims thereto were settled. Whereupon Cass County filed this suit against Mrs. Ione Williams and the Atlanta National Bank, claiming that the County was in truth and in fact the lawful owner of and entitled to receive said $4,338, and prayed for judgment against the defendants jointly and severally for said amount; and the County asked judgment against the bank for the further sum of $433.80 claimed as penalties due under the provisions of R.C. S.1925, Articles 2552 and 2553, Vernon's Ann.Civ.St. arts. 2552, 2553, for failure of the bank as County Depository to name some place and person in Linden, the county seat of Cass County, where and by whom county funds would be received and checks cashed. The defendant Mrs. Ione Williams answered and denied generally the allegations of plaintiff's petition. She specially denied that said funds, or any part thereof, belonged to the county. By way of counterclaim, she affirmatively alleged the facts under which she claimed the funds belonged to her, such claim being in substance as above set out. The defendant Atlanta National Bank answered in the nature of a bill of interpleader against the county and Mrs. Ione Williams, asking that, upon the court's determination of said conflicting claims to said funds, the bank be ordered to pay same to the rightful owner. Plaintiff filed its first supplemental petition, which contains a general demurrer and special exceptions to the answer and counterclaim of the defendant Mrs. Ione Williams; and specially pleaded the two years statute of limitation, R.C.S. Article 5526. Plaintiff also filed a general demurrer and special exceptions to the answer of the bank. Trial of the cause to the court without a jury resulted in judgment for the county against the bank for the amount of said account, and denied the claim of Mrs. Ione Williams, and further awarded recovery in favor of the county against the bank for the alleged penalties in the sum of $433.80. The defendant Mrs. Ione Williams has perfected her appeal to this court. The bank did not appeal.

■ Appellant's first proposition complains of the action of the trial court in sustaining appellee's general demurrer to appellant's answer. The judgment recites that plaintiff's general demurrer to the "answer and counter claim" of the defendant Mrs. Ione Williams was called to the attention of the court, "whereupon the court took same under advisement and carried same under consideration until the close of the case," and after the case was closed sustained plaintiff's general demurrer to the "answer" of said defendant. The answer of said defendant, appellant, as distinguishable from her counterclaim, contained a general denial. The judgment does not recite that the demurrer was sustained to said counterclaim, same being the plea affirmatively setting out appellant's claim to the funds. Aside from the record, we assume that the judgment was by mistake drawn in the respect above mentioned. But reviewing the judgment as it reads, the purported decree sustaining plaintiff's demurrer to defendant's general denial was without authority in law. However, the error does not warrant reversal in the particular facts of this case; for it further appears from the judgment as a whole that the court heard and considered all the evidence of each party in support of their respective claims to the funds in dispute and determined the issues between them on the merits, expressly finding "that the defendant Ione Williams has no ownership or right in said sum of money carried on the books of defendant the Atlanta National Bank, in the account shown in the name of 'Mrs. Ione Williams, County Treasurer, Cass County, General Fund,' but that said sum of money and said account is the property of Cass County, Texas." The cause having been heard and determined as if the general denial, as well as the counterclaim, remained effective in the case, the action complained of may be disregarded as harmless. See Southwestern Life Ins. Co. v. Powers, 132 Tex. 460, 122 S.W.2d 1056, and authorities there cited.

Appellant's remaining propositions present the contention in substance that the several orders of the Commissioners' Court purporting to limit the maximum amount of the Treasurer's compensation for the years during which she held office were void; that in the absence of valid orders of said court limiting same, the maximum amount of her compensation was governed by the general provisions of the statute, R. C.S. Articles 3941, 3942, 3943, Vernon's Ann.Civ.St. arts. 3941–3943, and Sec. 13 of Article 3912e, Vernon's Civil Statutes, (Acts 1935, 44th Leg., Chap. 465, 2d Called Session, p. 1769, Sec. 13, effective January

1, 1936), by reason of which she was entitled to receive $2,000 for each of said years.

The pertinent parts of the orders of the Commissioners' Court of Cass County purporting to fix the compensation of the Treasurer for the years in question, and attacked by appellant, read as follows:

Jan. 2, 1933: "It is ordered by the Court that the salary of Miss Hattie Duncan, County Treasurer, be set at the sum of $70 per month for the year 1933, she to furnish own postage, providing the amount allowed the County Treasurer does not exceed commissions allowed by Constitution and law."

Nov. 13, 1933: "It is the order of the court that the commissions of Miss Hattie Duncan, County Treasurer, be calculated at such a rate that she shall be paid a commission that shall amount to $70 per month."

Feb. 11, 1935: "It is the order of the Court that the ex officio salaries of the different county officials be as follows: * * * Mrs. Ione Williams, County Treasurer, $70. Said Treasurer to pay her own postage; this to be salary of said County Treasurer of Cass County providing the amount allowed the County Treasurer does not exceed commissions allowed by Constitution and laws governing said salary."

Feb. 10, 1936: "It is the order of the Court that the salary of Mrs. Ione Williams, County Treasurer, Cass County, be and it is hereby set at $85 per month provided said amount does not exceed commissions allowed by law and under the Constitution."

Nov. 1, 1937: "It is the order of the Court that the salary of Mrs. Ione Williams, County Treasurer, Cass County, be and it is hereby set at $85 per month provided said amount does not exceed the commissions allowed by law and under the Constitution."

Jan. 10, 1938: "Orders setting salaries of county officials * * * Ione Williams, County Treasurer, $1200 to be paid in equal monthly payments each month."

It is agreed in substance that the amount of funds received and disbursed by the Treasurer of Cass County for each of the four years in question would, in the absence of a valid order of the Commissioners' Court fixing same at a smaller sum, entitle appellant to receive the sum of $2,000 per year as provided by Articles 3941, 3942 and limited by Article 3943, and that the 1930 Federal Census shows Cass County population at 30,030.

It is the contention of appellant that the order of the Commissioners' Court of February 11, 1935, was void for three reasons: (1) Because it was entered after she had qualified as County Treasurer and was an attempt to change the salary during her term of office; (2) because it required her to pay the postal expenses of the office; (3) because it was an attempt to fix her compensation on a definite salary basis, namely, $70 per month. Appellant further contends that the court orders of January 2, 1933, and of November 13, 1933, were valid orders, but were limited to and had no legal effect after 1933, and for that reason could not operate as a prior court order governing the compensation of the office for the year 1935. Therefore, it is claimed, there being no valid order limiting her compensation, she was entitled to the statutory maximum of $2,000 for the year 1935; and having thus earned $2,000 for the year 1935, the court was without authority to fix her compensation at a smaller sum for the years 1936-37-38, by reason of the provisions of Article 16, Section 61 of the Constitution, Vernon's Ann.St., adopted August 24, 1935, and the Act of the 44th Leg., Chap. 465, 2d Called Session, p. 1762, Sec. 13. The pertinent part of said Section 13, reads:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: * * * treasurer * * *. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935."

The Legislature prescribed the maximum percentage of commissions (Articles 3941, 3942, limited by Article 3943) to which the County Treasurer may be entitled, and imposed the duty on the Commissioners' Court of fixing the compensation within such limitation. In the case of Baxter v. Rusk County, 11 S.W.2d 648, 649, Judge Levy, speaking for this court, said:

"* * * The settled rule of law is that when commissions are not fixed by order of the commissioners' court the county treasurer is entitled to receive the maximum fees of the statute. Bastrop County v. Hearn, 70 Tex. 563, 8 S.W. 302; Montgomery County v. Talley (Tex.Civ.App.) 169 S.W. 1141. But, as firmly concluded in the case of Bastrop County v. Hearn, supra, 'the law prescribes no time when the court shall fix the compensation to the county treasurer for receiving and disbursing the public moneys; nor is there any inhibition to the changing of the rate of percentage after it has been once fixed.' The limitation, however, upon the authority to change an existing order fixing the percentage of compensation, is that it is not allowable to reduce the compensation earned for past services. Montgomery County v. Talley (Tex.Civ.App.) 169 S.W. 1141."

See 11 T.J. 597, Secs. 67, 68, 69. It is settled law that the Commissioners' Court may not change the statutory plan of compensating the treasurer from a fee to a definite salary basis. But it is immaterial whether the court order denominates the compensation as a salary or a commission, the real character of the sums payable governs. "The controlling element in determining whether the amount to be received is upon a commission or a salary basis is whether that amount, by whatever name it may be called, is absolute and fixed, regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions." 11 T.J. 600, § 70.

■ We do not think that the court order of February 11, 1935, under which appellant was admittedly paid $70 per month during the year 1935, was an attempt to place the compensation of the treasurer on a definite salary basis, but that the order may be reasonably construed as intending to fix the compensation at the commissions allowed by law not to exceed $70 per month. It had no retroactive effect to operate upon the commissions, if any, earned by appellant from the time she qualified on January 2, 1935, to February 11, 1935, but it is not shown that she earned any commissions during that period of time. However, the order of November 13, 1933, remained in effect and governed the commissions, if any, earned by appellant to date of the entry of the order of February 11, 1935. 11 T.J. 597, § 67. We do not know of any statute vesting the Commissioners' Court with authority to require the Treasurer to personally pay for the postage required in transacting the county's business coming through that office. We think that provision of the order was in excess of the powers of the court and may be disregarded. It did not have the effect of voiding the remaining provisions of the order. 25 T.J. 695, § 255.

■ Section 61, Article 16, Constitution, adopted by election August 24, 1935, in part provides: "All district officers in the State of Texas and all county officers in counties having a population of 20,000 or more, according to the then last preceding Federal Census, shall from the first day of January and thereafter, and subsequent to the first Regular or Special Session of the Legislature after the adoption of this resolution, be compensated on a salary basis." Acts of the 44th Leg., Chap. 465, 2d Called Session, p. 1762, Vernon's Ann.Civ.St. art. 3912e, effective January 1, 1936, was passed pursuant to said amendment to the Constitution. Section 13 of said legislative act is applicable to Cass County, and authorizes the Commissioners' Court to fix the salaries of the county officers, including that of the treasurer, at a sum not less than the "total sum earned as compensation by him in his official capacity for the fiscal year 1935." The compensation earned by appellant in her official capacity during the fiscal year 1935 was the sum of $70 per month, or a total of $840. The Commissioners' Court fixed appellant's salary for the year 1936 at $1,020, for 1937 at $1,020, and for 1938 at $1,200, each of which was more than the total sum earned during the year 1935.

■ Appellant further contends that the trial court erred in not rendering judgment on that part of her counterclaim setting up the account of $360 against the county for postage spent in connection with the office during the years 1935, 1936 and 1937. It does not appear that such claim has ever been presented to the Commissioners' Court for allowance, which is a condition precedent to filing suit thereon. R.C.S. Article 1573; 11 T.J. 683, § 131.

The judgment of the trial court is affirmed.