

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 12, 1947

Hon. Sam Dollahite
County Attorney
Falls County
Marlin, Texas

Opinion No. V-453

Re: Compensation of County
Treasurer of Falls County

Dear Sir:

You have requested an opinion from this office relative to the liability of Falls County on a claim filed with the Commissioners' Court for alleged unpaid balance on back salary due the county treasurer from January 1, 1936, to May 1, 1947. Your request is as follows:

"The county treasurer of Falls County, Mr. J. D. Mires, has filed a claim with the commissioners' court of Falls County alleging that the salary of his office is set by law at $2000 per year and requesting the unpaid portion of his back salary.

"I have rendered the court my opinion on the validity of his claim and he has filed a memorandum of authorities with the court as the basis of his contentions. My opinion and his memorandum are enclosed. The court has requested me to ask you for an opinion in this matter.

"Mr. Mires' claim and the orders on which it is based are set out in the enclosed opinion and memorandum."

Article XVI, Section 44, Constitution of Texas, provides for the election of the county treasurer and that such officer shall have such compensation as may be provided by law. Article XVI, Section 61, adopted August 24, 1935, provides that all district officers in the State of Texas and all county officers in counties having a population of 20,000 or more according to the last preceding Federal Census shall be compensated on a salary basis. Article 3941, V. C. S., provides that the county treasurer shall receive commissions on monies re-

ceived and paid out by him. Article 3943 provides that
the commissions allowed to any county treasurer shall
not exceed $2,000 annually. Section 13 of Article 3912e
provides that the Commissioners' Court in counties hav-
ing a population of 20,000 inhabitants or more and less
than 190,000 inhabitants shall fix the salary of the
treasurer at a sum of "not less than the total sum earn-
ed as compensation by him in his official capacity for
the fiscal year 1935."

Falls County had a population according to the
1930 Federal Census of 38,771 inhabitants and according
to the 1940 Federal Census, a population of 35,984 in-
habitants. Therefore, prior to the adoption of Article
XVI, Section 61, and the enactment of the Officers' Sal-
ary Law in 1935 (S. B. No. 5, Ch. 465, Acts of the 44th
Leg., 2nd Called Session, p. 1762), the compensation of
the county treasurer was governed by the provisions of
Articles 3941 and 3943. Since January 1, 1936, the
county treasurer of Falls County has been entitled to
a salary at a sum "of not less than the total sum earn-
ed as compensation by him in his official capacity for
the fiscal year 1935."

In determining the total sum earned by the
treasurer for the fiscal year 1935, the primary ques-
tion to be determined is the validity of the Commission-
ers' Court's orders of February 13, 1933, and June 11,
1935. These orders set out in your memorandum are as
follows:

"1. Motion made duly seconded and
carried that the County Jailor be allow-
ed a salary of Seventy Five ($75.00) &
No/100 Dollars per month, also that the
salary of the County Treasurer be set at
Sixty Five ($65.00) and No/100 Dollars
per month. Passed at meeting held Feb-
ruary 13, 1933, recorded in Vol. 6, page
100, Commissioners Court Minutes of Falls
County, Texas.

"2. Motion made by G. H. Asbury, se-
conded by M. M. Allen, that the salary of
the County Treasurer be raised Ten ($10.00)
Dollars per month. Passed at meeting held
June 11, 1935, recorded in Vol. 6, page
325, Commissioners Court Minutes of said

Hon. Sam Dollahite, page 3 (V-453)

County."

The case of Greer v. Hunt County (Com. App.)
249 S. W. 831, held that the order of the Commissioners'
Court placing the county treasurer on a salary basis was
void. In determining that the order before the court
actually placed the county treasurer on a salary basis
instead of an effort to limit the maximum amount of
commissions the treasurer could earn, the following
principle of law was announced:

"There is no question but that the or-
der in the present case was void under this
holding. There was no effort to limit the
maximum amount of commissions which the
treasurer could earn; but in lieu thereof
a definite fixed salary of $1,200 per annum
was substituted. This salary was payable,
under the order, whether or not the commis-
sions amounted to as much as the salary.
We agree with counsel for defendant in error
that merely calling the compensation a sal-
ary or calling it commissions is not neces-
sarily controlling. If the commissioners'
court had ordered that the treasurer should
receive 'a salary' of $1,200 per annum with
the proviso that, if his lawful commissions
should amount to less than the salary, he
should not receive in excess of his lawful
commissions, this in fact would have been
fixing a maximum which the treasurer could
earn as commissions. On the other hand,
had the commissioners' court ordered that
the treasurer should receive the definite
sum of $1,200 per annum 'as commissions',
regardless of the amount of money passing
through his hands upon which he would by
statute be entitled to commissions, we
think the effect of this order would be to
fix a salary basis of compensation, and
the order would be void, regardless of the
fact that it denominated the compensation
as commissions. The controlling element
in determining whether the amount to be
received is upon a commission or salary
basis is whether that amount, by whatever
name it may be called, is absolute and
fixed regardless of what the lawful com-
missions may be, or is made contingent up-

on earning that amount as commissions."
(Emphasis ours)

In the case of Montgomery County v. Talley, 169 S. W. 1141, the court had before it the following order:

"It is hereby ordered by the court that the salary of the county treasurer, from and after December 10, 1910, shall be, and it is hereby fixed, at the sum of $600.00 per annum, and this action of the court was unanimous."

Montgomery County in this case contended that the treasurer's compensation was limited to the amount of $600.00 in accordance with the above quoted order. The county treasurer contended that the Commissioners' Court's order was void because it attempted to fix the salary of the county treasurer in violation of Article 3873, R. C. S., of 1911 (now 3941) and he was therefore entitled to retain the maximum amount of commissions allowed by law. The court sustained the county treasurer in these contentions. We quote the following:

". . . The order of March 30, 1910, before set out, does not fix the commissions of the county treasurer of Montgomery county, but provides that he shall receive a salary of $600 per year. We think it clear that a statute which directs the commissioners' court to fix the compensation of an officer by allowing him commissions on moneys handled by him does not authorize such court to pay the officers a fixed yearly salry, but on the contrary, by necessary implication, prohibits his being paid in this way.

"The order of March 30, 1910, being void, the only law, prior to the order of the commissioners' court of June 8, 1911, before set out, fixing appellee's compensation, was article 3873 of the statute above quoted, and article 3875, which provides that 'the commissions allowed to any county treasurer shall not exceed $2,000.00 annually.'

"The commissioners' court having fail-
ed to fix appellee's commissions, he was en-
titled to receive the compensation provided
by the statute until such compensation was
changed by an order of the commissioners'
court fixing his commissions. Bastrop Coun-
ty v. Hearn, 70 Tex. 563, 8 S. W. 302; Hill
County v. Sauls, 134 S. W. 267; City of San
Antonio v. Tobin, 101 S. W. 269."

For similar holdings see Stephens v. Mills
County, 113 S. W. (2d) 944; Williams v. Cass County, 147
S. W. (2d) 588; Rusk County v. Hightower, 202 S. W. 802;
Kaufman County v. Gaston, 250 S. W. 741; Bastrop County
v. Hearn, 70 Tex. 563, 8 S. W. 302.

The orders of the Commissioners' Court of
Falls County quoted above made the compensation to be
received by the county treasurer an absolute and fixed
amount regardless of what the maximum commissions would
have been. Therefore, under the ruling of the above
cited cases, the orders were void as attempting to
change the basis or plan for compensating the county
treasurer. Since the orders were void, and in view of
the holdings in Montgomery County v. Talley and Greer
v. Hunt County, the county treasurer was entitled to
receive in 1935 the compensation provided in Article
3941, V. C. S. not to exceed the maximum of $2000.00
set by Article 3943 V. C. S. Since January 1st, 1936,
the minimum salary set by Article 3912e, section 13,
V. C. S., has been the amount officially earned in 1935.
It was held in the case of Nacogdoches County v. Jinkins,
140 S. W. (2d) 901, writ refused, that the Commission-
ers' Court was without authority to fix the salaries of
those officers covered by section 13 of Article 3912e
at a sum less than the prescribed minimum (the official
earnings in 1935) and that an order fixing a salary be-
low the minimum was without authority and void. We
quote the following:

"Article 3912e, section 13, fixed the
salary of District Clerks in the class in
which Nacogdoches County fell, at not less
than the total sum earned as compensation
by him in his official capacity for the fis-
cal year 1935 and not more than the maximum
amount allowed such officer under laws exist-
ing on August 24, 1935. The legislature hav-
ing prescribed the minimum (the official earn-

ings in 1935) and that being shown to
have been $3,241.93, the Commissioners'
Court did not have the authority to ig-
nore this statutory provision of mini-
mum salary and fix the salary at $2,750.
The terms of the statute authorizing the
Commissioners' Court to fix the salary
at any sum not less than a certain mini-
mum and not more than a certain maximum,
were mandatory and could not be ignored
by the members of the court at their dis-
cretion. The order fixing appellee's sal-
ary at $2,750 was without authority and
void."

Therefore, it is our opinion that the county
treasurer has been entitled to a minimum annual salary
since January 1st, 1936 equal to the amount of commis-
sions he was authorized to retain in 1935 under Arti-
cles 3941 and 3943 (his official earnings in 1935). In
other words, if he received and paid out in 1935 such
amounts of money that the commissions he would have been
entitled to therefor under Article 3941 would amount to
$2000.00, then his minimum salary has been, since Janu-
ary 1st, 1936, $2000 per year. On the other hand, if
the county treasurer did not handle sufficient money in
1935 to entitle him to commissions totaling $2000, his
minimum salary since January 1st, 1936 would not be
$2000 but the sum equal to the amount of commissions he
was entitled to in 1935 under Articles 3941 and 3943.
The amount of commissions the county treasurer was en-
titled to in 1935, is, therefore, dependent upon the a-
mount of monies received and paid out by him in that
year, a factual question upon which this office cannot
pass.

This opinion is not to be construed as passing
upon the question of whether a plea of limitation could
or should be pleaded or claimed by the Commissioners'
Court if a suit were brought to collect the unpaid por-
tion of back salary due the county treasurer.

## SUMMARY

The orders of the Commissioners' Court
of Falls County passed prior to the Officers'
Salary Law (Art. 3912e, Sec. 13, V. C. S )
attempting to change the basis of compensa-
tion for the county treasurer are void and
the county treasurer was entitled to receive

commissions in 1935 as provided for by Articles 3941 and 3943 V. C. S.  Subsequent to 1935 the county treasurer of Falls County has been entitled to a minimum salary equal to the amount of his official earnings in 1935.  Arts. 3941, 3943, 3912e, Sec. 13, V. C. S.; Montgomery County v. Talley, 169 S. W. 1141; Greer v. Hunt County, 249 S. W. 831.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:djm:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL