**G. A. JENKINS, Appellant,**

**v.**

**LIPSCOMB COUNTY et al., Appellees.**

**No. 7316.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 13, 1964.

Lemon, Close & Atkinson, Perryton, for appellant.

Allen, Allen & Reavis, Perryton, for appellees.

CHAPMAN, Justice.

The subject matter of this suit constitutes a claim by G. A. Jenkins, County Judge of Lipscomb County at the time the law suit was filed, against said county for alleged unpaid salary dating from February 11, 1957, to January 1, 1963, the date at which he ceased to be County Judge.

The case was tried to a jury and after both parties closed their testimony the court instructed a verdict for Lipscomb County. Appeal is perfected from the judgment based upon that verdict.

Judge Jenkins first assumed the office of County Judge on January 1, 1949. From that date until February 11, 1957, he was on a fee basis for his compensation for his services rendered as County Judge. On the last named date his compensation was changed from a fee basis to a straight salary and under the authority of Article 3883i, Sections 1 and 11, Vernon's Ann.Tex. Civ.St., [providing maximum salaries for county officials in counties having less than

20,000 population and excepting county judges who serve as ex officio county superintendent], was set by the commissioner's court at $5400 less $1600 to be paid for school work," which he testified was an overall increase in compensation for his services as County Judge.

That year and each year thereafter, including the year in which he filed this suit, Judge Jenkins served as Budget Officer for the commissioner's court as provided in Articles 689a–9 and 689a–11 and showed his salary in the county budget as $3800. The record shows without contradiction that he never said anything to any of the commissioners about being dissatisfied with the $3800 he was receiving from the budgeted funds of the county until September 1961 and did not present a claim in writing until October 1962 after he had budgeted $3800 for his salary for his last year in office and that budget had been approved. He testified none of the budgets he ever prepared showed an outstanding claim against the county for any money the county owed him for past services, that so far as he knew none of the commissioners knew he wanted $1600 more per year and that he knew when he ran for office he was being paid $3800. The record also shows it was understood both by the judge and the commissioners that his total compensation was $5400, including the $1600 for serving as ex officio county superintendent.

We hold the trial court correctly instructed a verdict in the case.

In the first place we believe that the statement that his salary was set at "$5400 less $1600 to be paid for school work" means $3800 to be paid from the county budget.

Under the facts here and under the authority of Garcia v. State, Tex.Civ. App., 290 S.W.2d 555, 559 (N.R.E.) a taxpayer could have enjoined payment of county funds for the $1600 a year claimed absent a showing that such funds were available under the county budget. The court there said: "A taxpayer may enjoin payment of county funds in violation of the budget law." In fact, this record amounts to an agreement between Judge Jenkins and the commissioner's court to the $3800 salary set in the county budget, under the authority of Dalton v. Allen, Tex.Civ.App., 218 S.W. 73 (N.W.H.), since the testimony shows it was understood by all parties that his salary in the county budget was $3800 during all the time for which the extra $1600 a year is sought.

Accordingly, the judgment of the trial court is affirmed.