.THE PEOPLE *ex rel.* Henry Harms

*v.*

ERNST F. C. KLOKKE *et al.*

1. COUNTY CLERK—*power to issue warrants on treasurer.* The county clerk is but a ministerial officer, and in the matter of issuing warrants upon the county treasurer can only perform such acts as may be required of him by the county board. He can issue a warrant for such accounts or claims as have been acted upon by the board and allowed, and none others. Without the sanction of the board he has no authority to issue a warrant upon the treasury, nor has the treasurer any lawful authority to countersign and pay the same.

2. SAME—*issue of warrant under rescinded order.* The county clerk has no authority to issue a warrant upon the treasurer of his county under an order of the county board after such order has been rescinded, no matter whether the order has been rightfully or wrongfully rescinded. He is not to determine whether the order is rightfully rescinded, and he can not be compelled to issue, in such case, by *mandamus.*

3. MANDAMUS—*when it lies.* The writ of *mandamus* will not be awarded in any case unless the party applying for it shows a clear legal right to have the thing sought by it done, and in the manner asked, and by the person or body sought to be coerced.

4. CONTRACT—*proposition to settle withdrawn before acceptance.* A resolution of a county board to pay a claimant, under a contract, a certain amount of his demand, if made as a proposition to settle a controversy as to the amount due the claimant, and by way of compromise, may be retracted or rescinded by the board at any time before it is acted on and accepted. Such a proposition is not binding as a contract until accepted.

This was a petition in this court filed by Henry Harms, the relator, against Ernst F. C. Klokke, county clerk of Cook county, Samuel H. McCrea, treasurer, and Henry C. Senne, chairman of the board of commissioners of Cook county.

Messrs. GOUDY, CHANDLER & SKINNER, for the relator.

Mr. CONSIDER H. WILLETT, for the respondents.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an original suit in this court for a writ of *mandamus* to compel the county clerk of Cook county to issue a

warrant to relator for the sum of $30,739.48, and to compel the county treasurer of the county to countersign and pay the same, being the balance claimed to be due to relator for work done on the foundation of the court house in the course of erection under the direction of the board of commissioners of the county.

It is alleged in the petition, that the board of commissioners of Cook county, having determined to erect a court house in the year 1875, employed relator, Henry Harms, to construct the foundation thereof, and that in the years 1875 and 1876 he constructed for the county and at its request, by its board of commissioners, the foundation of the court house, and on the completion of the work in the fall of 1876 relator claimed he was entitled to $162,967.89, less $92,692.90, which sum had been paid to him as the work progressed; that objection was made by members of the board, so that on the 23d day of April, 1877, the board of commissioners, after a protracted examination of his claim and as a compromise of the pending suit, passed an order allowing relator the sum of $141,640.85, reserving of that sum $3949,02 until the question of the responsibility for leveling up the foundations should be adjusted, as the entire amount which relator should receive for the whole work, and that relator assented, as a compromise, to such allowance, in full for the amount due him, and applied to the county clerk for an order for the sum allowed, but the clerk could not issue such order for the reason he had been enjoined from so doing at the suit of one Fitzgerald, a member of the board, against the county of Cook. The decree of the circuit court making the injunction in that case perpetual was afterwards reversed in the Appellate Court and the bill dismissed. Pending that suit the board allowed relator $14,257.67 on account of his claim, which was paid to him. The duty of the county clerk to issue the order to relator for the amount claimed to be due to him under the resolution of the 23d of April, 1877, and of the treasurer to countersign and

pay the same, are distinctly alleged, and interest is demanded for the detention of the money.

The answers of respondents, or some of them, admit demand on the county clerk for an order as alleged in the petition, but distinctly charge the sum allowed relator under the resolution of the board of April 23, 1877, was never accepted by him as a compromise in full of his claim against the county for work done under the special contract and for extra work on the foundation of the court house, until after the order making such allowance was rescinded by a resolution of the board adopted on the 16th day of December, 1878, and all efforts after that time to compromise and settle relator's claim were abandoned.

It appears that after the execution of the original contract with relator, and after some work had been done under it, the board made changes in the original plans. The work that was done by relator was done under the direction of the county architect according to the new plans adopted, and relator claims he was entitled to be paid for the work done according to measurement and value, without reference to the original contract. Respondents, however, insist the work should be estimated as done under the original contract, and if that rule should be adopted, it would come to a much less sum than relator claims. There is, and has been, a real controversy as to the amount, or whether anything is due relator for the work by him done on the foundation of the court house. That an effort was made on April 23, 1877, to compromise with him as to his claim by the allowance of a certain sum, may be and no doubt is true, but it was never accomplished. Before any order was issued for the sum proposed to be given in settlement, the county clerk was enjoined from issuing it.

Soon after the injunction was dissolved and the bill dismissed the board of commissioners rescinded the resolution making such allowance, and the relator now asks that the clerk of the county of Cook be compelled to issue to him an order or warrant for the amount of the allowance under the resolution of April

23, 1877, notwithstanding that resolution was rescinded by action of the board before the petition in this case was filed. This we think can not be done. The reason is obvious. The county clerk is but a ministerial officer, and in the matter of issuing warrants on the county treasurer can only perform such acts as may be required of him by the board of supervisors, or, as in this case, by the board of commissioners. The statute makes it his duty to file and preserve all bills acted upon by the board, and when an account is allowed or disallowed he shall note the fact. It is plain he can issue a warrant for such accounts as have been acted on by the board and allowed, and none others. Without the sanction of the board previously obtained, the clerk has no authority to issue a warrant upon the treasury for payment of money for any purpose, nor has the treasurer any lawful authority to countersign and pay the same. As we have seen, before the petition was filed in this case the resolution of the board making an allowance to relator was rescinded *in toto*, and there was then absolutely nothing that gave the county clerk authority to issue a warrant to relator for the payment of money, any more than if the board had never taken action on relator's claim against the county.

Whether the board could rightfully rescind by a subsequent resolution its action of April 23, 1877, is a question the clerk could not determine. His authority in the premises, whatever it may have been in the first instance, was taken away by the action of the board from which he derived his authority to act at all, and that was a complete justification of his refusal to issue a warrant on the application of relator for the purpose demanded. It does not change the position to say, there was a time when it was the duty of the clerk to issue a warrant to relator. It was not his duty to issue such warrant when the petition in this case was filed, and this court can not compel him to act now, since the authority and the only authority he ever had in the premises has been taken away by the same board that bestowed it. It is a well understood principle, that the writ of *mandamus* will not be awarded in any case unless

the party applying for it shall show a clear legal right to have the thing sought by it done and in the manner and by the person or body sought to be coerced. *Commissioners of Highways* v. *Bonker*, 66 Ill. 339; *The People* v. *City of Elgin*, id. 507. That has not been done in this case. Indeed, there is a total want of authority for the county clerk and treasurer to do the acts which it is sought to compel them to do. Had the county clerk complied with the demand. made upon him after the rescission of the order of the board of April 23, 1877, and issued a warrant to relator, his act would have been without any sanction of law.

Whether the board could be compelled to restore the order of April 23, 1877, for the reason it had no rightful authority to rescind it because it had become a contract between relator and the county, is a question on which we need express no opinion. That question has not been made by the pleadings in this case. It may be added, however, if that which was done by the board was simply done as a proposition to settle a controversy as to the amount due relator, and by way of compromise, as respondents contend was the case, then there is not the slightest doubt the board could retract the proposition at any time before it was acted on, no matter what may have occasioned the delay.

But aside from that view, unless the order making an allowance to relator was restored by some action of the board, it is plain the county clerk and treasurer can not be compelled to act under the rescinded order, and there is no remedy for relator except in an action at law. Conceding the action of the board of April 23, 1877, constituted a contract, as counsel insist it did, between relator and the county, as a compromise between them, still, the only remedy would be on the contract itself as for a breach, since the board by resolution have refused to perform it.

The peremptory writ of *mandamus* will be denied, and the petition dismissed at costs of relator.

                                   *Mandamus refused.*