### J. P. ORR V. M. D. DAVIS ET AL.

#### No. 1715.

1. **Mandamus Against Commissioners Court—Ministerial Functions.**— Where the Commissioners Court, after the election of the county judge, fixed the amount of his salary, and afterwards, by a second order, reduced the amount first allowed, mandamus will not lie against the members of the court and the county clerk to compel the issuance of warrants for salary at the rate fixed by the first order, since the fixing of such salary is not an act ministerial in its nature.

2. **County Judge—Salary of Office—Change During Term.**—Article 4481 of the Revised Statutes, providing that the salaries of officers shall not be increased nor diminished during their term, is believed to apply only to officers whose salaries are fixed by law, and not to county judges, who, under article 2386, "shall receive such salary from the county treasury as may be allowed by the Commissioners Court."

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Stephens & Huff*, for appellant.—1. The contract between the Commissioners Court and the county judge, to pay him $1200 per year in full for his services, was accepted by him, and could not be revoked or changed before the twelve months expired without his consent, and any attempt so to do by appellees would be violating the obligations of the contract between them, and consequently the attempted revocation of this contract on March 4th was absolutely void, and an attempted destruction of a vested right. Rev. Stats., arts. 2386, 4481; Const. 1876, art. 3, sec. 53; Const. U. S., art. 1, sec. 10; Myers on Vested Rights, sec. 1460; Dill. Mun. Corp., sec. 232, and note; Carr v. St. Louis, 9 Mo., 190; People v. Auditors of Wayne County, 13 Mich., 233.

2. Petition for mandamus was the proper remedy, and this petition sets forth a good cause of action. Gall v. Townsend, 77 Texas, 464; Caldwell County v. Harbert, 68 Texas, 321; Railway v. Randolph, 24 Texas, 317, and cases cited above.

*S. P. Sadler* and *Smith & Bashan*, for appellees.—1. The Commissioners Court is not bound by the order of that court entered on the 18th day of February, 1893, and may increase or decrease the salary

of the county judge at the termination of any month. Rev. Stats., arts. 2386, 4481, 498; Douglass v. Baker, 2 So. Rep., 776; Anderson v. Clayman, 24 N. E. Rep., 175; Higgins v. Curttiss, 18 Pac. Rep., 207; Mitchell v. Norton, 39 N. W. Rep., 394.

2. Mandamus does not lie to compel a county clerk to issue a warrant upon the treasurer upon a rescinded order of the Commissioners Court, whether that order be rightfully or wrongfully rescinded. Samson v. Mercer, 68 Texas, 488; Brown v. Ruse, 69 Texas, 588; People v. Klokke, 92 Ill., 134.

TARLTON, CHIEF JUSTICE.—On February 18, 1893, the Commissioners Court of Wilbarger County caused to be entered upon its minutes the following order:

"February 18, 1893. Ordered by the court, that the ex officio salaries of the following officers of Wilbarger County, commencing with the date of the qualification as such officers, be fixed as follows, to wit: The sheriff, per year, $300; county clerk, per year, $400; district clerk, per year, $250; county judge, per year, $1200, and the same to be paid monthly; A. J. Kinard voting in the negative as to the ex officio salary of the county judge."

On March 3, 1893, at a special term of the court, it caused to be entered upon its minutes the following order:

"That the order heretofore fixing the county judge's salary at $100 per month be reconsidered; and it is further ordered by the court, that the county judge's salary be fixed at $70 per month, and that he receive $3 per day as a member of the Commissioners Court, when the said court is in session."

To the latter order the appellant, the county judge, objected, because the court "could not at a subsequent special term rescind or annul an order made at a previous regular term; and further, because the sum of $70 is not a reasonable compensation for the services required to be rendered by the county judge."

Thereafter appellant demanded of M. D. Davis, one of the appellees and the county clerk of Wilbarger County, the issuance of a warrant to him for the sum of $100 a month, in accordance with the terms of the first order above set out, and for so much of his salary as had accrued since the date of that order, at the rate of $100 a month. Davis, the county clerk, issued to appellant warrants at the rate of $70 per month, in accordance with the terms of the last order. These warrants were accepted by the appellant under protest. The plaintiff thereupon claimed the sum of $30 a month as due him by the county by virtue of the first contract, and at a regular term of the County Commissioners Court, held in May, 1893, presented his account to the court for approval, which was rejected.

The appellant was the county judge of Wilbarger County, duly elected, for the term beginning November, 1892. The remaining defendants and appellees were members of the Commissioners Court of

that county, except Davis, who, as already stated, was the county clerk.

On May 22, 1893, the appellant filed this suit, the purpose of which, as set out in his brief, is "to compel appellees by mandamus to comply with their contract of February 18, 1893, and to pay him $1200 per year, or $100 per month, and to compel appellee M. D. Davis to issue his warrant on the county treasurer for said sum of $100 per month."

The sole question to be considered by us is, whether the trial court erred in sustaining a general demurrer to the appellant's petition.

This question we answer in the negative. Mandamus does not lie against an officer, unless the act to compel the performance of which the application is made is ministerial in its nature. If it involve the exercise of judgment and discretion, the petition must be refused. Sanson v. Mercer, 68 Texas, 488; People v. Klokke, 92 Ill., 134.

When the plaintiff's demand was presented for approval to the commissioners, in the first instance, and when the county clerk was called upon to issue the warrant, in the second instance, it became necessary for these officers to determine the question whether the Commissioners Court were empowered by law to rescind the former order and substitute the latter. This is a question described by our Supreme Court as "one of some interest" (West v. Burk, 60 Texas, 52), and consequently one of some delicacy. An answer to it by the officers named certainly involved the exercise of judicial discretion.

It becomes unnecessary, therefore, for us, as it was for the Supreme Court in the case just cited, to decide this question, in order to refuse the relief sought by the plaintiff. It is, however, extremely questionable whether the order relied upon by the plaintiff can be denominated a contract. In his election to the office of county judge, the appellant must be deemed to have sought and obtained the office without reliance upon this order, or upon the amount which he here claims as just compensation. He can not be regarded as having contracted with the court, or the people whom the court represented, for compensation for a stipulated term, because he was at liberty to resign at any time, without reference to this order; and there could therefore be no question of a stipulated term. Dill. Mun. Corp., sec. 231.

Article 4481, Revised Statutes, providing that the salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto, is not believed to apply to the appellant, but is believed to apply to the officers whose salaries are fixed by law. The adoption of the order relied upon by appellant must be referred to article 2386 of the Revised Statutes, providing that, for certain services therein enumerated, "the county judge shall receive such salary from the county treasury as may be allowed him by order of the Commissioners Court."

For reasons above stated, while we do not find it necessary to decide the question, it is extremely doubtful whether the discretion once exer-

cised by the Commissioners Court is not subject, as contingencies shall arise, to such change as it may deem proper to apply.

We order an affirmance of the judgment.

*Affirmed.*

Delivered February 20, 1895.