## CARVER v. WHEELER COUNTY.
### (No. 1237.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 9, 1918.)

1. OFFICERS ⬦4, 100(1) — RELATION WITH GOVERNMENT—COMPENSATION.

The relation between the holder of a public office and the government under which he holds is not that of employer and employé, and their respective rights are not to be determined by the rules of contracts of employment; so that the governing body, in the absence of inhibition by some superior law, may abolish the office or change the compensation thereof at any time, even during the term of office of the incumbent.

2. OFFICERS ⬦52—CHANGING COMPENSATION DURING "TERM OF OFFICE"—STATUTE.

A county treasurer's term of office did not begin before his election, within Rev. St. 1911, art. 7086, providing that the salaries of officers shall not be increased or diminished during the term of office of the officers entitled, though the political complexion of the county was so predominantly Democratic that the only real contest over the office occurred in the primaries.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Term of Office.]

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Suit by J. R. Carver against Wheeler County, Tex. From judgment for defendant, plaintiff appeals. Judgment affirmed.

J. B. Reynolds, of Wheeler, for appellant. M. M. Miller, of Wheeler, and J. B. Clark, of Shamrock, for appellee.

BOYCE, J. Appellant, J. R. Carver, brought this suit against Wheeler county, alleging: That in the July, 1914, primaries he receiv-

ed the nomination of the Democratic party for the office of county treasurer of Wheeler county, and was duly elected to said office at the general election in November following, and qualified thereafter and discharged the duties of said office. That on October 18, 1914, the commissioners' court of Wheeler county made the following order:

"It is hereby ordered that the county treasurer of Wheeler county be, and he is hereby, allowed a commission of 1¾ per cent. on the receipts and disbursements instead of 2½ per cent. heretofore paid."

That pursuant to such order the county had paid plaintiff on the receipts and disbursements of the county's moneys handled by him only the sum of 1¾ per cent. thereof. That in Wheeler county the great preponderance of the vote was Democratic, and the real contest for the office was in the Democratic primaries, and the nomination thereat was equivalent to an election. That plaintiff had given his time and expense to a canvass for election at said primaries, and that by his said nomination he was vested with the right to said office and its emoluments, and the said order was void because made after the accrual and vesting of his said right. That said order was also void because "it does not purport to fix or establish the future basis of compensation to be received by the officer named.". Appellant sued for $684.90, the difference between the commission paid him on the basis of 1¾ per cent. on receipts and. disbursements and ,the amount he would have been entitled to receive on a basis of 2½ per cent. thereof. A general exception to this petition was sustained, and appellant complains of this action of the lower court on this appeal.

[1, 2] While the holder of a public office is vested with certain rights in reference thereto, being entitled to hold the same and receive the emoluments and compensations incident to the discharge of the duties of the office, and may defend his rights against others, yet the relation between the office holder and the government under which he holds office is not that of employer and employé, and their respective rights are not to be determined by the application of the general rules of contracts of employment. So that it is universally held that in the absence of some inhibition by some superior law, the governing body may abolish the office or change the compensation to be paid the office holder at, any time, even during the term of the office of an incumbent, provided, of course, the changed rate of compensation cannot be made to apply to services already rendered. Palestine v. West, 37 S. W. 783; Butler v. Commonwealth of Pennsylvania, 10 How. 402, 13 L. Ed. 472; Dillon on Municipal Corporations (5th Ed.) vol. 1, § 423, and note; 29 Cyc. pp. 1366, 1427. Now article 3873, R. S., provides that:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: For receiving all moneys other than school funds, for the county, not exceeding 2½ per cent., and not exceeding 2½ per cent. for paying out the same," etc.

The commissioners' court, therefore, being by the statute referred to authorized to fix the compensation to be paid the county treasurer, would have the right to change this compensation at its discretion if the principles we have already announced are correct, provided there is no interdiction against such change, either in the Constitution or statutory law. The only provision we know of in the law of this state on this subject is contained in article 7086, R. S., as follows:

"The salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto."

We think it clear that appellant's term of office could not be said to begin before his election, so that his case does not come within this provision of the statute. It was held in the case of Riggins v. Richards, 79 S. W. 84, that a change made after one's election to an office and prior to his qualification was not made during his term of office within the meaning of this statute.

Under this holding it becomes unnecessary to determine whether the provisions of article 7086 will apply,'even to a change made by the commissioners' court in the compensation to be paid the county treasurer during the term of his office. It was distinctly held in the case of Hill County v. Sauls, 134 S. W. 267, that a reduction made during the term of such office was valid. It seems to have been assumed in the cases of Montgomery County v. Talley, 169 S. W. 1141, and Bastrop County v. Hearn, 70 Tex. 563, 8 S. W. 302, that such an order during the term of office would be valid. These cases, however, do not attempt to discuss the question in connection with article 7086, R. S., and we do not decide whether these decisions and the decisions in the cases of Collingsworth County v. Myers, 35 S. W. 414, and Orr v. Davis, 9 Tex. Civ. App. 628, 30 S. W. 249, which appellee contends present questions analogous to the one under consideration, would impel us to hold that article 7086 in no event applies to the compensation to be paid a county treasurer, as provided by the statutes.

The effect of the order was, we think, to fix 1¾ per cent. as the rate of commission to be thereafter paid the county treasurer of Wheeler county on receipts and disbursements and the order would continue in effect until some further order on the subject was entered. We therefore think the order was valid, and fixed the measure of appellant's compensation, and the judgment will be affirmed.

HUFF, C. J., not sitting, being absent at Austin, serving with committee of judges considering applications for writ of error.