**ARNOLD et al. v. CASS COUNTY. (No. 3305.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 2, 1926. Rehearing Denied Dec. 16, 1926.)

Officers ⬤⟹100(1)—Statute changing method of fixing compensation for members of county commissioners' court could reduce salaries for unexpired term (Rev. St. 1911, arts. 6901a, 6901d, as enacted in 1918 and amended in 1923; Rev. St. 1911, art. 7086; Acts 1923, c. 184, § 8).

Members of county commissioners' court, whose salaries were diminished during term of office by Rev. St. 1911, arts. 6901a and 6901d, enacted by Acts 35th Leg., 4th Called Sess. (1918) c. 29, as amended by Acts 1923, c. 184, §§ 1, 2, changing method of fixing compensation, could not recover difference in compensation for balance of term, though diminution of salaries during term was prohibited under Rev. St. 1911, art. 7086, inasmuch as section 8 of Acts 1923, c. 184, seeking to make act emergency measure, indicated intent that change should take immediate effect.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by A. J. Arnold and others against Cass County. Judgment for defendant county, and plaintiffs appeal. Affirmed.

O'Neal & Harvey, of Atlanta, for appellants.

Burr S. Cameron, of Linden, for appellee.

HODGES, J. The appellants in this case were members of the commissioners' court of Cass county during the year 1923. Their terms of office expired on the last day of January, 1924. Prior to an act adopted by the Thirty-Eighth Legislature, their compensation was fixed at $100 per month. During that session articles 6901a and 6901d, of Rev. St. 1911, as enacted by Acts 35th Leg., 4th Called Sess., c. 29, were amended, and based the compensation of commissioners upon the

assessed values of their respective counties. The effect of that act was to reduce the compensation of the appellants from $1,200 per year to $1,000 per year. That act went into effect 90 days after the adjournment of the Legislature, or the latter part of June, 1923. From the time that act took effect, they received only $83⅓ per month. They filed this suit to recover the difference between what they received under the older law and that paid them under the new statute. It is conceded that under the law as it now exists they are entitled to no greater compensation than they received. They refer, however, to article 7086 of the Revised Statutes of 1911, which provides that the salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto. Their contention is that the act reducing their salaries should be construed in connection with that act, and for that reason their legal compensation was not reduced during that term of office. The trial court held otherwise, and we think correctly so. Section 8 of the Act of 1923, p. 418, reads:

"The fact that the changes herein made in the law relative to the compensation of county commissioners should take effect as soon as possible, creates an emergency and an imperative public necessity which requires that the constitutional rule providing that bills shall be read on three several days shall be suspended, and said rule is hereby suspended, and that this act take effect and be in force from and after its passage, and it is so enacted."

However, the act did not receive the requisite number of votes to make it take effect immediately. That fact, however, did not affect the clearly expressed intention of the Legislature that it should go into effect as soon as permissible by the Constitution.

The judgment of the trial court is affirmed.