## TEAFATILLER v. KAUFMAN COUNTY.
### No. 3132.

Court of Civil Appeals of Texas. El Paso.
Jan. 31, 1935.

Ross Huffmaster, of Kaufman, for appellant.

Taylor Carlisle, of Kaufman, and Fred T. Porter, of Terrell, for appellee.

HIGGINS, Justice.

Appellant is one of the duly elected, qualified, and acting commissioners of Kaufman county for the term beginning January 1, 1933, and ending December 31, 1935. He brought this suit against Kaufman county, the members of the commissioners' court of said county, the county clerk, county auditor, and county treasurer to recover a balance alleged to be due upon his official salary and for mandamus to compel the issuance and payment of warrant to cover said balance.

A general demurrer to the petition was sustained and the suit dismissed.

The only question presented is the validity of the Act of the 43d Leg., c. 220, p. 734, approved June 7, 1933 (Vernon's Ann. Civ. St. arts. 3883, subds. 1–6, 3886, 3887, 3891, 3895, 3899, 3902, subds. 1–6). The eighth section of the act (page 744) provides that it should become effective January 1, 1934. The salary of appellant, prior to the effective date, was by law fixed at $150 per month, and the effect of the act was to reduce it to $127.50 per month.

In the absence of any state constitutional limitation, the Legislature may lower or

raise the salaries of state and county public officers during the term for which such officers have been elected or appointed. 46 C. J. p. 1020; Collingsworth County v. Myers (Tex. Civ. App.) 35 S. W. 414; Orr v. Davis, 9 Tex. Civ. App. 628, 30 S. W. 249; Carver v. Wheeler County (Tex. Civ. App.) 200 S. W. 537; Hill County v. Sauls (Tex. Civ. App.) 134 S. W. 267; Arnold v. Cass County (Tex. Civ. App.) 289 S. W. 749.

There is no such inhibition in the Constitution of this state. Appellant does not question the general rule as stated but invokes article 6824, R. S., as amended by chapter 7, p. 9, § 1, Acts of 42d Legislature (Vernon's Ann. Civ. St. art. 6824), which provides that the salaries of officers, except members of the Legislature, shall not be increased nor diminished during the terms of the officers entitled thereto.

The generally accepted doctrine is that the Legislature may pass any act not expressly or by clear implication inhibited by the State or Federal Constitutions.

It being the prerogative of the 43d Legislature to lower or raise the salaries of the officers named in the act first mentioned during their terms of office, it is no objection to the validity of such act that the previous Legislature has forbidden such legislation. One Legislature cannot thus restrict the legislative authority of subsequent Legislatures. The validity of the act is not affected by article 6824, R. S., as amended by the 42d Legislature (Vernon's Ann. Civ. St. art. 6824). Arnold v. Cass County (Tex. Civ. App.) 289 S. W. 749.

Affirmed.