

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

March 24, 1949

*Overruled By M-68 where conflicts*

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by *illegible*

Hon. Arnold W. Franklin
County Attorney
Atascosa County
Jourdanton, Texas

Opinion No. V-790

Re: Authority of Commissioners'
Court to abolish justice pre-
cincts and create new precincts
in that territory, and effect
of such action upon elected
officers in the old precincts.

Dear Sir:

We refer to your letter in which you submit the follow-
ing questions:

"Does the Commissioners' Court, acting under
authority of Constitutional Article V, Section
18, and Article 2351 of the Revised Civil Statutes
of Texas, have the authority to abolish existing
Justice Court precincts and create a new Justice
Court precinct of the territory engrossed of the
territory formerly consisting of the justice pre-
cincts so abolished?

"In event that the Commissioners' Court may
abolish two old justice precincts and create a
new one to consist of the combined limits of the
two so abolished and appoint new officers for the
newly created precinct, then in that event what
disposition would be made to the elective officers
of the old precincts? Would the officers be
abolished with the abolishing of the old precincts?"

The authority of the Commissioners' Court to divide
counties into justice precincts is provided in Section 18 of
Article V of the State Constitution, which reads in part as fol-
lows:

"Each organized county in the State now or
hereafter existing, shall be divided from time
to time, for the convenience of the people, into
precincts, not less than four and not more than
eight. The present County Courts shall make the
first division. Subsequent divisions shall be
made by the Commissioners' Court, provided for by

this Constitution. In each such precinct there
shall be elected at each biennial election, one
justice of the peace and one constable, each of
whom shall hold his office for two years and un-
til his successor shall be elected and qualified;
provided that in any precinct in which there may
be a city of 8,000 or more inhabitants, there
shall be elected two justices of the peace. (Em-
phasis added throughout)

Article 2351, V.C.S. reads in part:

"Each commissioners court shall:

"1. Lay off their respective counties into
precincts, not less than four, and not more than
eight, for the election of justices of the peace
and constables, fix the times and places of hold-
ing justices courts, and shall establish places
in such precincts where elections shall be held;
. . . . . "

In State ex. rel. Dowlen v. Rigsby, 43 S.W. 271 (error
refused), Judge Williams, writing for the Court, construing the
Constitutions and statutes on the point of your inquiry, said:

"When the commissioners' court was organized,
in pursuance of the constitution and the laws
passed thereunder, it possessed all powers con-
ferred by both. When the court was once established,
no legislation was needed to enable it to exercise
the powers given by the above provision, to divide
the county into precincts. The direction is plain
and simple, and without condition or restriction,
except that as to the number of precincts. It is
said that no procedure is prescribed by which the
power is to be exercised. If any was needed, the
statute supplied it, when it required that the pro-
ceedings of the court should be recorded in its
minute book. Rev. St. 1895, art. 1554. This was
all that was necessary. The power to divide the
county into justices' precincts is also given by
the statute, but not in terms so explicit as those
used in the constitution. Rev. St. 1895, art. 1537.
There can be no doubt that both constitution and
statute confer the power, and the only question is
as to its extent. It is contended that a limitation
upon the power is found in the constitutional pro-
vision fixing the terms of office of precinct of-
ficers; and that, since they are to hold for two

years, it follows that the precincts cannot be
changed during the terms, because the power to
alter them would practically enable the court
to destroy the office. The language of the con-
stitution expresses no such limitation. The di-
vision is to be made 'from time to time.' The
reason for the division is to be the convenience
of the people; and the judge, both as to time
and convenience, is the court. The limitation
contended for by the appelant would require the
insertion in the constitution of a proviso which
the court cannot read into it. The only limita-
tion imposed serves to indicate the scope of the
power. That limitation requires as many as four,
and does not allow more than eight, precincts.
But for it the county might have been cut up into
as many precincts as the court saw proper to es-
tablish. By it the intention is made more mani-
fest that, within the limits, the court is to
determine the number. As to the time of making
the division, it is equally plain, The language
'from time to time, for the convenience of the
people,' clearly means that the convenience of the
people, as judged by the court, shall control in
determining the time when a division is proper.
The phrase 'from time to time' repels the idea
that it was the purpose to fix any particular time.

"If it should be urged that the provisions
contemplate a complete, and not a partial, divi-
sion, the answer is that, in effect, they are the
same. When two precincts are made out of one, or
the boundaries between two are changed and de-
fined, leaving all of the others unchanged, the
effect is the same as if an order were entered
setting out anew the boundaries of the unchanged
precincts, as well as those changed. As no form
of procedure is prescribed, there could be no
substantial objection to such action. The power
to establish the precincts does not necessarily
conflict with the provision fixing the terms of
office. They must stand together. The office
is taken subject to the power to change the boun-
daries of the precincts. This is no anomaly in
our law. All county officers whose compensation
is derived from perquisites, and therefore de-
pends to some extent on the territory in which
they exercise their functions, hold their offices
subject to lawful power to alter that territory.
While the office is property, it is held subject

"If it should be urged that the provisions contemplate a complete, and not a partial, division, the answer is that, in effect, they are the same. When two precincts are made out of one, or the boundaries between two are changed and defined, leaving all of the others unchanged, the effect is the same as if an order were entered setting out anew the boundaries of the unchanged precincts, as well as those changed. As no form of procedure is prescribed, there could be no substantial objection to such action. The power to establish the precincts does not necessarily conflict with the provision fixing the terms of office. They must stand together. The office is taken subject to the power to change the boundaries of the precincts. This is no anomaly in our law. All county officers whose compensation is derived from perquisites, and therefore depends to some extent on the territory in which they exercise their functions, hold their offices subject to lawful power to alter that territory. While the office is property, it is held subject to the proper exercise of all such powers as these. There is no contract between the state and its officers which forbids such action."

Also see the case of Brown v. Meeks, 96 S. W. (2d) 839, to the same effect. We call your attention to the following language used in the latter case:

"The attempted nomination of a candidate for constable of new precinct No. 1 before it comes into existence is entirely void, and no one is entitled to such a nomination. On January 1, 1937, when the new precinct for the first time comes into existence, then and in that event it will be the duty of the commissioners' court to appoint new officers for the new precinct. State ex. rel. Robbins v. Parker, 147 Iowa, 69, 125 N. W. 856.

"Meeks insists that, being a resident of old precinct No. 1, and having received a

this order, is that, <u>when the new precincts come into existence, all precinct offices will be vacant and the commissioners' court will be charged with the duty of filling these precinct offices by appointment.</u>"

In Carver v. Wheeler County, 200 S.W. 537, the Court said, in part:

"While the holder of a public office is vested with certain rights in reference thereto, being entitled to hold the same and receive the emoluments and compensations incident to the discharge of the duties of the office, and may defend his rights against others, yet the relation between the office holder and the government under which he holds office is not that of employer and employe, and their respective rights are not to be determined by the application of the general rules of contracts of employment. So that it is universally held that in the absence of some inhibition by some superior law, the governing body may abolish the office or change the compensation to be paid the office holder at any time, even during the term of the office of an incumbent, provided, of course, the changed rate of compensation cannot be made to apply to services already rendered."

In view of the foregoing we are of the opinion that the Commissioners' Court of Atascosa County is authorized to abolish existing justice precincts and create new justice precincts composed of the territory of existing precincts which are abolished at any time for the convenience of the people. But of course there must be at least four and not more than eight justice precincts in the county at all times. The terms of office of all officers of such abolished and changed precincts will ipso facto terminate and the officers of the newly created precincts must be appointed by the Commissioners' Court.

## SUMMARY

The Commissioners' Court may abolish old justice precincts and re-divide the county into new justice precincts at any time, so long as there is a minimum of four and not more than eight justice precincts in the county. When such justice precincts are abolished the offices in the old precincts become vacant and the officers of the newly created justice precincts

must be appointed by the Commissioners' Court.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/W. T. Williams
Assistant

WTW:wb:wc


APPROVED:
s/Joe R. Greenhill
FIRST ASSISTANT
ATTORNEY GENERAL