

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 24, 1972

Honorable Clarence L. Darter
County Attorney
Childress County Courthouse
Childress, Texas 79201

Opinion No. M-1176

Re: Authority of the Commissioners Court to change Justice of the Peace precinct boundary lines and set salaries for Justice of the Peace officials

Dear Mr. Darter:

In your recent letter, accompanied by a very able brief, you requested the opinion of this department on the following two questions:

"Question No. 1:

When precinct boundary lines are re-drawn and takes part of the territory of Justice Precinct No. 1 and places it in an inactive Justice Precinct No. 2 but leaves the residence of the elected Justice of the Peace in Precinct No. 1, does a vacancy exist in either or both precincts?

"Question No. 2:

No salary has been set for Justice of the Peace Precinct No. 2 since 1953, such salary being set at $1.00 per year at that time, and no salary being set as of January 1, 1972 for this office. If a higher salary is set for Justice of the Peace in Precinct No. 2 at this time, and in case the higher salary becomes a burden to the finances of

-5744-

the County, can the Justice of the Peace
Precinct No. 2 salary be reduced to any
amount to fit the economic condition of the
County?"

You have supplied with your questions the following
fact situation:

"Childress County was and is divided into
four Justice of the Peace Precincts. Childress
County is also bisected by Red River, from north-
west to southeast. The river almost divides the
county in half. North of the river has been
divided into two Justice of the Peace Precincts,
Numbers 3 and 4. South of the river, there are
also two Justice of the Peace Precincts, Numbers
1 and 2. Justice of the Peace Precinct Number
1 takes in most of the territory south of Red
River, including the town of Childress. Justice
of the Peace Precinct Number 2 includes Kirkland,
a small community, and has only one election
precinct. Justice of the Peace Precincts 2, 3
and 4 have been dormant for many years, and
there are no records of any salaries being set
for Justice of the Peace Precincts Numbers 3
and 4 for many years.

"After the County changed from the fee
basis to paying officials on a salary basis,
the Commissioners Court set the salary of the
Justice of the Peace in Precinct Number 2 at
$1.00 per year in 1953, but there is no record
of the Commissioners Court setting a salary for
Justice of the Peace Precinct Number 2 since
1953, and as a result, Justices of the Peace
Precincts Numbers 2, 3 and 4 have been vacant,
and have been dormant since that time. Justice
of the Peace Precinct Number 1 has been active
and a Justice of the Peace for this precinct

has been elected each four years, whose
salary was $4500.00, as of January 1, 1972.

"Now, the case load has increased in
the Justice of the Peace Court, Precinct 1,
to the extent that the Commissioners Court
feels that for the convenience of the
people, it has become necessary to enlarge
and re-activate and to appoint another
Justice of the Peace for the Justice of
the Peace Precinct Number 2, and to re-draw
the Justice of the Peace Precinct lines be-
tween Justice of the Peace Precincts Numbers
1 and 2, by adding more territory to the
Justice of the Peace Precinct Number 2, and
taking away that part from Justice of the
Peace Precinct Number 1. This would not
disturb Justice of the Peace Precincts
Numbers 3 and 4, and they would remain the
same as they have been for many years. The
residence of the duly-elected Justice of the
Peace Precinct Number 1 would reamin in the
proposed new Justice of the Peace Precinct
Number 1; he would only be losing part of
his territory."

For a thorough discussion of the office of Justice of
the Peace, changes in precinct boundaries, the creation of
vacancies, and the filling of vacancies, we refer you to
Attorney General's Opinions Nos. M-68 (1967), M-562 (1970),
and M-742 (1970).

In reply to your first question, we are of the opinion
that no vacancy would result in the office of Justice of the
Peace of Precinct No. 1 if the Commissioners Court divides the
county as outlined in your fact situation. The incumbent
Justice of the Peace of Precinct Number 1 will continue to
reside in that precinct.

The Commissioners Court, under Article V, Section 18 of the Texas Constitution, clearly has the authority, from time to time, to divide the county into Justice Precincts not less than four nor more than eight. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922).

As to whether any division creates any vacancies, the intention evidenced by the Court's order is material.

In this connection, we quote from Opinion No. M-68 (supra) the following:

> "This statement by the Court of Civil Appeals has led some to conclude that an 'automatic vacancy' occurs at any time boundaries of Justice Precincts are altered, whether the Commissioners Court intended to abolish the precinct and to create a new precinct. We do not believe that the cases support this conclusion, and we are convinced that a vacancy is not automatic under these circumstances, particularly where there is no expression on the part of the Commissioners Court's order of an intent on the part of the Commissioners Court to abolish an existing precinct and to create a new one." (Emphasis added.)

> ". . . .

> "The office of Justice of the Peace is a constitutional office, and the office would presumptively remain in existence unless the order of the Commissioners Court abolishes existing precincts and creates new precincts. To the extent that Attorney General's Opinions V-790 (1949), V-1032 (1950), WW-536 (1950), and C-112 (1963) are in conflict with this opinion, they are to that extent overruled."

The office continuing, and there being no vacancy, the incumbent Justice of the Peace, Precinct 1, continues in office, absent an evident intention in the Court's order to abolish Precinct No. 1 and form a new one.

Included in your first question is the inquiry whether the action of the Court in changing boundaries results in a vacancy in Precinct No. 2.

We understand from your inquiry that the Court has not yet issued an order redrawing precinct lines, but contemplates doing so. In connection with your question concerning a vacancy in Precinct No. 2, the intent of the Court as evidenced by its order becomes decisive. Relying again on the language quoted above from our Opinion No. M-68, we are of the opinion that if the Court's order clearly abolishes Precinct No. 2 as now formed and creates a new Precinct No. 2 as contemplated, then No. 2 comes into existence with a vacancy in the office of Justice of the Peace. Under Section 28 of Article V of the Constitution of Texas, the Commissioners Court would fill the vacancy until the next succeeding general election.

The answer to your Question No. 2, concerning the fixing of the salary for the Justice of the Peace of Precinct No. 2 is found in Article 3912k, Vernon's Civil Statutes, enacted by the 62nd Legislature in 1971. The provisions of that statute are held to be constitutional in Attorney General's Opinions Nos. M-1124 (1972) and M-972 (1972).

Section 1 of Article 3912k provides as follows:

"Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act."

We are of the opinion that as the latest expression of the Legislature this Article governs the fixing of the salary for all Justices of the Peace except those in counties having a population of 1,700,000 or more.  We are of the opinion that the broad power given to the Commissioners Court to fix salaries provides authority for the court to raise or lower salaries, limited only to the condition that such salaries may not be set lower than they are as of the effective date of the Act, January 1, 1972.  Such raising or lowering may be effected at any time during the year at any regular meeting of the Court upon giving 10 days' notice as provided in Section 6 of Article 3912k.

There is authority for reducing the salary of a county official during his term of office.

See 47 Texas Jurisprudence 2d 225, Public Officers, Section 175 for the following statement:

> "Thus, where the commissioners' court has power to fix the compensation of an officer, it may change the amount at any time, even during his term of office."  citing Carver v. Wheeler County, 200 S.W. 537 (Tex.Civ.App. 1918, no writ) and Baxter v. Rusk County, 11 S.W.2d 648 (Tex.Civ.App. 1928, no writ)

Texas Jurisprudence continued as follows:

> "Its orders fixing the compensation of officers for ex officio services are not contracts or judgments against the county, and may be changed, modified, repealed, or revoked at any time before the money has actually been paid out to the officer."  citing Collingsworth County v. Myers 35 S.W. 414 (Tex.Civ.App. 1896, no writ)

There is, however, a measure of protection against arbitrary action of the Commissioners Court. See the section of Texas Jurisprudence 2d cited above for the following:

"On the other hand, the district court, in the absence of restrictive legislation depriving it of the power, has authority to declare that a subsequent capricious and arbitrary order of the commissioners' court reducing the salary of an office is ineffectual and void." citing Anderson v. Geraghty, 212 S.W.2d 972 (Tex.Civ.App. 1948, no writ)

## S U M M A R Y

No vacancy will exist in Justice of the Peace Precinct No. 1, Childress County, where by order of the Commissioners Court part of the land in the precinct is detached and transferred to another precinct but Precinct No. 1 is not abolished.

If the Court's order abolishes Precinct No. 2 and creates a new Precinct No. 2, including land detached from Precinct No. 1, the new Precinct No. 2 comes into being with a vacancy in the office of Justice of the Peace. The vacancy would be filled by order of the Court until the next succeeding general election.

The Commissioners Court has authority to fix the salary of Justice of the Peace of Precinct No. 2, and has authority to reduce that salary during his term of office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sally Phillips
Herschel T. Moore
James McCoy
Dunk Sullivan

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant