

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 5, 1991

Honorable David Motley
Kerr County Attorney
323-B Earl Garrett
Kerrville, Texas 78028

Opinion No. DM- 35

Re: Whether the Kerr County Commissioners Court may abolish the office of County Public Weigher    (RQ-105)

Dear Mr. Motley:

You ask whether the Kerr County Commissioners Court may abolish the elective office of Kerr County Public Weigher. We conclude it may.

Although article XVI, section 65, of the state constitution provides for the term of such office where it has been created, the constitution does not require a county to elect a public weigher. Attorney General Opinion H-995 (1977). Neither does the current statutory authority for a county's electing a public weigher require a county to have such elective office. Agric. Code § 13.253. Subsection (a) of that section provides in relevant part:

> (a) The commissioners court of a county by order *may* provide for the election of a public weigher to serve only within the county for which the weigher is elected. (Emphasis added.)

The provisions regarding public weighers in what is now chapter 13, subchapter E, Agriculture Code, of which section 13.253 is a part, were first adopted in 1981. Acts 1981, 67th Leg., ch. 135, at 344.[1] Prior to 1981, the provisions regarding public weighers were found in the civil statutes, articles 5680 *et seq.*, which required the secretary of state to appoint public weighers in cities receiving specified

---

[1]The chapter 135 provisions were codified later in the 1981 session as part of the Agriculture Code, which was also adopted during the 1981 session. *See* Acts 1981, 67th Leg., ch. 388, at 1012 (adoption of Agriculture Code); Acts 1981, 67th Leg., ch. 693, § 14, at 2592 (conforming provisions of chapter 135, *supra*, to Agriculture Code).

amounts of cotton for sale, permitted him to appoint weighers in certain other cities, and required all counties in which there were no cities where the secretary of state was authorized to appoint weighers to elect weighers. V.T.C.S. arts. 5681, 5683 (repealed). Article 5686 (repealed) provided for the abolition of the elective office of public weigher in a county pursuant to petition and election.

The 1981 bill adopting the provisions now in Agriculture Code chapter 13, subchapter E, repealed former articles 5681, 5683, and 5686 as well as most of the other provisions regarding public weighers, and established a system whereby the Department of Agriculture had discretion to appoint public weighers of specific classifications, and counties were permitted to provide for the election of public weighers in addition to such departmental appointees. Agric. Code §§ 13.252, 13.253.

There is now no express statutory provision for abolishing the county elective office of public weigher. Nevertheless, we believe that the Kerr County Commissioners Court has the authority to abolish that office. Unless there is a constitutional or statutory inhibition, the power to create an office includes the power to abolish it. *See Bennett v. City of Longview*, 268 S.W. 786 (Tex. Civ. App.-- Texarkana 1925, no writ); *Carver v. Wheeler County*, 200 S.W. 537 (Tex. Civ. App.-- Amarillo 1918, no writ); *City of Palestine v. West*, 37 S.W. 783 (Tex. Civ. App.--1896, no writ); *see also* 60 TEX. JUR. 3d *Public Officers and Employees* § 25 (1988). As Agriculture Code section 13.253 gives the commissioners court discretion to create the office, we believe the commissioners court also has authority to abolish it.

You also ask about the procedures required for abolition. You suggest that abolition procedures must comply with the Texas Open Meetings Act and the federal Voting Rights Act and should include a public hearing.

While we cannot attempt to formulate step-by-step procedures the commissioners court should follow, we agree that the commissioners court must consider and adopt the order abolishing the office in open session as required by section 2(a) of the Open Meetings Act, article 6252-17, V.T.C.S., and give notice and make a record of the proceedings as required by sections 3A and 3B of that act. The consideration and adoption of such order by the commissioners court would clearly be a "meeting" of a "governmental body," within the meaning of that act. *Id.*

§ 1. We find no exceptions in the act which would permit the proceedings to be closed to the public.

We would also advise that the incumbent, if any, in the office to be abolished be notified of such proceedings and afforded an opportunity to attend and be heard. *See Tarrant County v. Ashmore*, 635 S.W.2d 417, 422-23 (Tex.), *cert. denied*, 459 U.S. 1038 (1982) (while officeholder's interest in office is not a "property" interest, it is a "recognizable" interest for purposes of due process requirements, such that he should be given notice of and an opportunity to be heard at proceeding to abolish the office).

Finally, we agree that abolishing the elective county office of public weigher is clearly a "change" in voting practice or procedure within the meaning of section 5 of the federal Voting Rights Act of 1965. Act of Aug. 6, 1965, Pub. L. No. 89-110, 1965 U.S. Code Cong. & Admin. News (79 Stat.) 439 (now at 42 U.S.C. § 1973c), such that the abolition of the office may only become effective upon the county's obtaining from the U.S. Justice Department a "preclearance" determination that the abolition of the office would not have the effect of abridging minority voting rights -- or, alternatively, upon obtaining a declaratory judgment to that effect from the U.S. District Court for the District of Columbia. *See* 28 C.F.R. part 51 (procedures for submitting voting changes to Justice Department for preclearance).

## SUMMARY

The Kerr County Commissioners Court has authority to abolish the elective office of Kerr County Public Weigher.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General